THE CUMMINGS HARVESTER COMPANY v. JAMES
SIGERSON.

No. 12,202.  (65 Pac. 639.)

SYLLABUS BY THE COURT.

WARRANTY—*Estopped from Recovery upon a Breach.* One who purchases an article on time, under a warranty of quality of the thing purchased, and who voluntarily pays for it after discovery of its defects, cannot maintain an action to recover the payment made.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed July 6, 1901. Division one. Reversed.

*Adams & Adams*, for plaintiff in error.

*Amidon & Conly*, for defendant in error.

Cummings v. Sigerson.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action brought by James Sigerson against the Cummings Harvester Company to recover certain money which he had paid to the company for one of its harvesting-machines. A verdict and judgment were rendered in plaintiff's favor, to reverse which error has been brought. Summarized, the facts, as specially found by the jury, were that the plaintiff bought a machine of the defendant and, for the purchase-price, gave three notes, payable in one, two and three years, respectively. No written warranty accompanied the sale. However, defendant's agent orally stated to the plaintiff that the machine was a good one; that it would run light with four horses; that he (the plaintiff) could go ahead and do the best he could with it and, if it did not work satisfactorily, the company would make it right. It is not clear from the findings whether this statement was made at the time of the purchase of the machine or soon thereafter, upon plaintiff's complaint that it was not a good one. Nor is it clear in law that the statement was an oral warranty. We will assume, however, as the defendant in error would have us do, that it constituted an engagement of some kind for the breach of which an action would lie.

The machine did not work satisfactorily. This the plaintiff discovered at the first trial. Notwithstanding this fact he paid the first two notes at their maturity, and at the maturity of the third one gave a renewal note for it due in a year thereafter, and at the maturity of that note paid it. He paid all these notes without making objection and without making any claim for damages on account of the defective

character of the machine, nor did he ever return, or offer to return, the machine. After thus fully paying the purchase-price of the article bought he sued to recover the money so paid. The action cannot be maintained. The payment for the machine was entirely voluntary. The plaintiff was under no obligation to make it, but, having made it, he will be held to it and cannot rescind his action. In such cases the authorities are pointed and emphatic in their denial of relief. (*Gaar, Scott & Co. v. Stark*, 36 S. W. [Tenn.] 149 ; *Harder v. Carter*, 97 Ga. 273, 23 S. E. 82 ; *American Car Co. v. Railway Co.*, 100 .id. 254, 28 S. E. 40.) The general doctrine applicable to such cases was declared by this court in *Wabaunsee Co. v. Walker*, 8 Kan. 431 :

"Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, unless to release his person or property from detention, or to prevent an immediate seizure of the same, such payment must be deemed to be voluntary, and cannot be recovered back ; and the fact that the party, at the time of making the payment, files a written protest does not make the payment involuntary."

The application of this doctrine to this case does not militate against the theory of plaintiff's right of election to rescind the contract of purchase and to sue to recover back the payments made or to retain the machine and offset his damages, when sued for the contract price. This right of election in the purchaser was affirmed in *Weybrich & Co. v. Harris*, 31 Kan. 92, 1 Pac. 271. But the purchaser in this case did not elect to rescind the contract and sue for damages, nor did he elect to affirm the contract and wait until he was sued and then offset damages. He

elected to affirm the contract, retain the machine, pay the purchase-price, and then sue to recover back the latter.   This he cannot do.   The law does not give him the right to pay a demand for which he knows he is not legally liable and then give him a right of action to recover his payment back.

The judgment of the court below is reversed, with directions to sustain the motion of plaintiff in error for judgment on the special findings.

JOHNSTON, GREENE, POLLOCK, JJ., concurring.