No. 18,188.

CHARLES BRADSHAW et al., Partners, etc., *Appellees*, v.
J. A. GLASSCOCK, *Appellant*.

SYLLABUS BY THE COURT.

1. VOLUNTARY PAYMENT—*Induced by Fraud or Improper Conduct—May be Recovered Back.* The general rule that a voluntary payment made under a mistake or in ignorance of law can not be recovered· back has no application where the payment was not made with full knowledge of all the facts or where it was induced by the fraud or improper conduct of the payee.

2. ———— *Same.* Plaintiffs were indebted to a real-estate agent for a commission. Upon the representations of the defendant that he was a partner of the agent they paid him the commission. Subsequently the agent sued them and recovered judgment for the amount of the commission on the ground that defendant was not his partner and had no authority to receive the· money. In an action by the plaintiffs against the defendant to recover back the money, it is held that a general verdict in their favor, which includes findings that the defendant never was a partner of the agent, that he had no authority to receive the money, that it was paid to him upon the representation that he was a partner, overturns his defense that it was a voluntary payment as well as his defense that plaintiffs are estopped from maintaining the action because of their failure to pay the money into court and allow the question of partnership to be litigated between the agent and the defendant.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed December 6, 1913. Affirmed.

*John W. Adams,* and *George W. Adams,* both of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale,* and *Jean Madalene,* all of Wichita, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The only question in this case is whether the defendant is entitled to retain a sum of money which the plaintiffs paid to him by mistake. Briefly

stated, his contention is that it was a voluntary pay-
ment made by the plaintiffs with their eyes open, and
that they are estopped to maintain the action.

C. M. Brotton, a real-estate agent in Wichita, effected
a trade or exchange of properties for the plaintiffs, and
they owed him a commission. The defendant repre-
sented to the plaintiffs that he was a full partner of
Brotton and entitled to share in all commissions in
real-estate transactions. They paid him the sum of
$512.50, to be in full for the commission, and took his
receipt, signed "Brotton and Glasscock, by J. A. Glass-
cock." Subsequently Brotton sued them for the com-
mission, alleging that the amount due was $1500. They
set up as a defense that Glasscock was a partner, and
that they had settled the account. In that action Brot-
ton recovered the full amount for which he sued. The
plaintiffs thereupon brought this action to recover from
the defendant the money paid to him. The jury re-
turned a general verdict in plaintiffs' favor, and from
the judgment the defendant has appealed.

Not having been a party to the former action, the
defendant was not concluded by the finding of the jury
to the effect that when the commission was earned the
defendant and Brotton were not partners. On the trial
of this action the same question was litigated. The
evidence was conflicting, and the defendant has ab-
stracted it quite fully, but for what purpose we do not
know. There is no claim that the verdict is not sus-
tained by evidence.

While the defendant's contention is not so stated in
the briefs, it necessarily amounts to this:

"The general verdict is a finding of every contro-
verted issue of fact against me. I did represent to the
plaintiffs that I was a full partner of Brotton in the
transaction. They paid me the money believing this
representation. I never was a partner of Brotton in
the transaction. Notwithstanding all this, I am entitled
to retain the money because there was evidence tending
to show that they knew when the money was paid that

Brotton claimed there was no partnership and claimed to be entitled to the money. The payment was voluntary, and their failure to protect themselves by paying the money into court and permitting Brotton and myself to litigate the question of partnership estops them now from maintaining this action."

The doctrine of voluntary payments can not aid the defendant in his efforts to retain the money. That doctrine has no application except where the payment has been made with full knowledge of all the facts, and where it was not induced by any fraud or improper conduct on the part of the payee. (30 Cyc. 1313.)

Doubtless the plaintiffs could have saved themselves much annoyance and considerable cost and expense by paying the money into court and permitting the question of partnership to be litigated between Brotton and Glasscock. But the defendant's position has not in any sense been altered to his injury by their failure to avail themselves of this remedy; and therefore one essential element of estoppel is lacking. According to the verdict of the jury he was paid by mistake money to which he was not entitled. It was paid upon a false representation of his; and neither the doctrine of voluntary payment nor estoppel is available as a defense in an action to recover money paid under such circumstances. (*Lowe v. Wells,* 78 Kan. 105, 112, 96 Pac. 74.)

The instructions of the court stated the issues fairly. Practically all the objections to them are based upon the mistaken theory that if the plaintiffs knew that both Brotton and Glasscock were claiming the money, that would make the payment voluntary and prevent a recovery.

The judgment is affirmed.