No. 20,107.

J. J. MUENZENMAYER and W. F. MUENZENMAYER, Partners, etc., *Appellees*, v. ROBERT M. HAY and MARY S. HAY, *Appellants*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Petition—Two Inconsistent Clauses—Election.* Where a party to an action pleads facts which constitute two causes of action, one for rescission of a contract and the other for damages for breach of warranty contained in the contract, it is proper for the court to require the party to elect on which of the two causes of action he will rely for recovery.

2. APPEAL AND ERROR—*Motion for New Trial—Exclusion of Evidence.* An error in the exclusion of evidence on the trial of a cause can not be considered by this court unless it is produced on the hearing of the motion for a new trial.

3. SAME—*Motion for New Trial—Exclusion of Evidence—Judgment.* A judgment will not be reversed for error in giving or refusing to give instructions to the jury or in refusing to submit special questions, when based on evidence excluded on the trial, and it is necessary to have that evidence to determine the correctness of the instructions given or refused, and to determine whether the questions should have been submitted, where that evidence is not produced on the hearing of the motion for a new trial.

4. SAME—*Refusal of Instruction on Immaterial Matter—Not Reversible Error.* Where parties agree to submit a cause to a jury on special questions and for a general verdict, and agree that the court shall then render such judgment as it might deem proper, it is not reversible error for the court to refuse to give an instruction on a question of fact which does not materially affect those necessary for the court to know in order to render judgment.

5. SAME—*Refusal to Submit Immaterial Special Questions—Not Reversible Error.* Under the circumstances disclosed in the last paragraph, a judgment will not be reversed for error in refusing to submit special questions where the answers to those submitted give the court sufficient facts on which to render judgment.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed July 8, 1916. Affirmed.

*W. S. Roark,* of Junction City, for the appellants.

*I. M. Platt, J. V. Humphrey,* and *Arthur Humphrey,* all of Junction City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment rendered against them on notes given for the purchase of a gasoline engine and plows. The order for the engine, signed by defendant Robert M. Hay, had printed thereon the following warranty:

. "The seller warrants the within described engine to do good work, to be well made, of good materials, and durable if used with proper care. If upon trial, with proper care, the engine fails to work well, the purchaser shall immediately give written notice to the seller, stating wherein the engine fails, shall allow a reasonable time for a competent man to be sent to put it in good order, and render necessary, and friendly assistance to operate it. If the engine can not then be made to work well, the purchaser shall immediately return it to said seller and the price shall be refunded which shall constitute a settlement in full of the transaction.

"Use of the engine after three days, or failure to give written notice to said seller, or failure to return the engine as above specified, shall operate as an acceptance of it and a fulfillment of this warranty. No agent has power to change the contract of warranty in any respect.

"This express warranty excludes all implied warranties, and said seller shall in no event be liable for breach of warranty in an amount exceeding the purchase price of the engine. If part proves defective, a new part will be furnished on receipt of part showing defect free."

Five notes were sued on in separate causes of action. The defendants pleaded that oral warranties were fraudulently made by the plaintiffs at the time of the execution of the notes; that the engine was not as warranted; that they offered to return it to the plaintiffs; and by way of set-off and counterclaim pleaded damages in the sum of $1500. The defendants further alleged that the note declared on in the third cause of action had been altered without their consent, and that it was in fact for a smaller amount when executed; that there should be a credit of $200 on the note declared on in the fourth cause of action, and that it was given for plows purchased to be used with the engine and which were of no value to the defendants, because of the failure of the engine to comply with the warranties concerning it. There was no defense as to the note declared on in the fifth cause of action. The defendants further alleged that they tendered the engine back to the plaintiffs in due time and manner after they had made repeated efforts to make it work. They gave mortgages on personal and real property to secure the payment of the notes. They asked judgment against the plaintiffs for such sum as might be found due, and for cancellation and surrender of the notes and mortgages.

When the case was called for trial, the court required the defendants to elect as between their right to recover damages for breach of the warranty and their right to a rescission of the contract of sale. The defendants elected to rely on rescission of the contract. The attorneys agreed that the jury were not to find and include in the general verdict the amount of the notes mentioned in the first and second causes of action in the plaintiffs' petition. Special questions were submitted concerning these causes of action.

The engine was purchased in 1912. The return, or the offer to return, was made in 1914. New notes were given for a part of the notes in 1913.

1. The defendants argue that the court erred in requiring them to elect as to their defenses, and especially as to the time and manner of requiring such election. The defendants set out the facts constituting their defense, and sought to rescind the contract for the purchase of the property and to recover their damages occasioned by the breach of the warranty. They

argue that the facts and circumstances surrounding this case made it difficult for their counsel to determine which of these remedies would best protect the rights of the defendants until the evidence had been introduced. They say, "Of course there can be no recovery of damages as incidental to both rescission and affirmance in the same case. This would be absurd, and calls of course for an election at some stage of the trial."

In *Hall v. Manufacturing Co.*, 92 Kan. 538, 141 Pac. 592, an election as between damages and rescission was required and was made, and that case seems to recognize the regularity of such a proceeding, but the question now presented was not considered. *Weybrich & Co. v. Harris*, 31 Kan. 92, 1 Pac. 271, recognizes that where personal property sold is not as warranted, the purchaser has two remedies: "(1) He may return the property and rescind the contract; or, (2) he may affirm the contract and sue for damages for the breach of warranty." (Syl. ¶ 1.) In *McCormick v. Roberts*, 32 Kan. 68, 3 Pac. 753, an action on promissory notes given for the purchase of a self-binding harvester, the defendant pleaded a warranty of the harvester, that the warranty failed, that he offered to return the harvester, and set out damages sustained by reason of its failing to work as warranted. A motion was filed by the plaintiffs asking the court to direct the defendant to elect on which of the two defenses stated in the answer he would stand. The court required the defendant to construe his answer. The answer was then construed as containing the defenses of rescission of the contract and such damages as might be recovered thereunder. In the syllabus this language is found:

"In directing the jury, the court charged that no rescission or repudiation of the contract had been shown, but that the defendant was entitled to recover damages from the vendors for a breach of their warranty, if a warranty had been established, and a breach thereof had been proved. *Held*, under the circumstances, the charge to the jury was erroneous, misleading, and prejudicial."

The reason given by the court was that—

"The answer, as construed, allowed only proof of rescission of the contract, and the damages therefor; yet the jury were directed upon another and entirely different theory of the case." (p. 72.)

(See, also, *Cookingham v. Dusa,* 41 Kan. 229, 230, 21 Pac. 95; *Cummings v. Sigerson,* 63 Kan. 340, 65 Pac. 639; *Ehrsam v. Brown,* 76 Kan. 206, 211, 91 Pac. 179; *Hay Press Co. v. Ward,* 89 Kan. 218, 223, 131 Pac. 595; *Hull v. Manufacturing Co.,* 92 Kan. 538, 141 Pac. 592; *Lyman v. Wederski,* 95 Kan. 438, 148 Pac. 642.)

The defendants cite a dissenting opinion in *Houser & Haines Mfg. Co. v. McKay,* 53 Wash. 337, 101 Pac. 894. The majority opinion follows the rule, stated in the headnotes in the Pacific Reporter in these words:

"The purchaser of a machine, on finding that it is not as warranted, may refuse to accept, rescind the sale and recover what he has paid on the price, or retain the machine and set off against the price such damages as naturally result from the breach of warranty, though he may not pursue both remedies simultaneously." (¶ 1.)

The rule declared by the supreme court of Washington in that case is in harmony with what this court has said. The rule contended for by the defendants would compel this court to overrule a number of its former decisions. There was no error in requiring the election.

The conclusion here reached governs other complaints of the defendants that concern instructions, and which will not be further considered.

2. The defendants next argue that the court committed error in excluding evidence which tended to explain and excuse the delay in returning the machine and the waiver that might be inferred from making payment and giving renewal notes. This evidence was not produced at the hearing of the motion for a new trial, and under section 307 of the code of civil procedure no error that may have been committed in the exclusion of such evidence can now be considered. (*Scott v. King,* 96 Kan. 561, 567, 152 Pac. 653; *Stout v. Bowers,* 97 Kan. 33, 154 Pac. 259; *Collins v. Morris,* 97 Kan. 264, 266, 155 Pac. 51.)

3. The defendants complain of several matters which involve the oral warranties that they contend were made by the plaintiffs. These complaints are based on instructions requested by the defendants and which the court refused to give, and on instructions given by the court, and on a special question which the court refused to submit to the jury. They

Muenzenmayer v. Hay.

depend on the correctness of the ruling of the court in excluding evidence of these oral warranties. If the court was correct in excluding that evidence, the law on this subject was correctly stated to the jury, and the instructions and special question concerning the same matter were properly refused. To determine the correctness of the ruling of the court in excluding that evidence, it was necessary to produce the evidence on the motion for a new trial. It was not so produced and can not now be considered. For that reason, the other acts of the court based on that evidence can not be considered.

4. Complaint is made that the court refused to submit an instruction on the question of the plaintiffs' waiver of the defendants' delay in returning or offering to return the engine. This may be met by a quotation from the journal entry of judgment, as follows:

"Thereupon the court announced that with the consent of all parties, general verdicts would be submitted to the jury upon the matters involved in the third, fourth and fifth causes of action, and that special findings would be submitted to the jury relative to the first and second causes of action and that the court would then enter thereon such judgment as it might deem proper, to which all parties assented."

In view of this agreement, any error in refusing the instructions requested by the defendants does not justify a reversal of the judgment.

5. Another complaint, in the language of the defendants, is as follows:

"The court erred in denying appellants' request for certain special findings by the jury. These questions were as follows, and we complain of the refusal to submit Nos. 1, 3, 4, 7, 8, 9, 10, 11."

Then follow the questions requested by the defendants. They make no argument concerning this complaint. Questions 2, 5, and 6 were submitted and answered. These three questions, together with other questions submitted and answered by the jury, apparently find all the facts necessary for the court to know in order to render judgment under the agreement made on the trial.

Other matters are complained of. They have been examined. There is not sufficient merit in them to warrant a reversal of the judgment.

The judgment is affirmed.