No. 37,500

RILEY W. MACGREGOR and RALPH C. HALL, *Appellants*, v. GOLDIE MILLAR, *Appellee.*

(203 P. 2d 137)

Opinion filed March 5, 1949.

*Paul R. Wunsch,* of Kingman, argued the cause and was on the briefs for the appellants.

*W. C. Gould,* of Dodge City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action to recover a fee for services rendered as attorneys. The case is here on appeal from an order of the district court overruling the plaintiff's demurrer to a cross petition filed by the defendant.

While the petition is not in controversy brief reference to its

allegations will facilitate a prompt and proper understanding of the issue involved. The following statement merely summarizes the factual averments to be found in such pleading.

The plaintiffs Riley W. MacGregor and Ralph C. Hall are duly licensed attorneys, engaged in the practice of law at Medicine Lodge. Sometime during the year '1943 they were employed by the defendant to represent her in connection with certain marital difficulties. In May, 1945, she directed them to bring a divorce action against her husband. They complied with her instructions by filing the divorce proceeding in the district court of Kiowa county. Thereafter a property settlement was effected and defendant obtained a decree divorcing her from her husband.

The petition also states that by the property settlement defendant received one-half of all property owned by the parties to the divorce action amounting in value to approximately $300,000. It further alleges that shortly before the divorce decree was obtained plaintiffs had a discussion with defendant as to the amount of their fee at which time all parties orally agreed it was to be $7,500, plus $500 previously paid by defendant's then husband under a court order made soon after the divorce action was instituted.

Defendant filed an answer and cross petition in response to plaintiffs' petition. The answer, after admitting plaintiffs' employment, consists of a general denial and a specific denial of any agreement, oral or otherwise, as the amount of plaintiffs' fee.

Since failure of the cross petition to state a cause of action in favor of the defendant and against the plaintiffs is the sole question its allegations will be set forth at length. They read:

"By way of cross petition herein, the defendant alleges that, on or about the month of April, 1945, she employed the plaintiffs to represent her in a divorce case to be filed in Kiowa County, Kansas; that upon her repeated requests to the plaintiffs for a statement as to the amount of their fees, the plaintiffs refused to name any fee to be charged; that the first time plaintiffs ever suggested a fee was on the day before the trial of said divorce case; that the fee suggested at that time was exorbitant and excessive and defendant told plaintiffs that the fee was unreasonable and that she could not agree to pay any such sum named.

"Defendant further states; that the property involved in said divorce case was accumulated by the joint efforts of the defendant and her husband during their marriage and at the time of the divorce was worth approximately $130,-000.00; that the property interests of the parties to the divorce was settled by agreement prior to the hearing of the divorce case; and that in said settlement

the defendant received property of the approximate value of $60,000.00, which amount was somewhat less than one half of the value of the property theretofore accumulated by herself and her husband; that after said agreed settlement, the divorce case was tried in a few minutes as by default.

"Defendant further alleges: That she has paid to the plaintiffs, upon their fee, as demanded by the plaintiffs, and at approximately the following dates, the following sums: April, 1945, $300.00; May, 1945, $500.00; March, 1946, $1,380.44; March 19, 1946, $1,000.00; and May 18, 1946, $1,000.00; making a total of $4,180.44.

"Defendant further alleges: That she was entirely ignorant of legal fees at the time of said payments, but has since learned that the fees, demanded and collected by the plaintiffs, were unreasonable and grossly excessive; that a fair and reasonable fee for all services performed by the plaintiffs for the defendant would not, in any case, exceed the sum of $2,500.00 and that the only reason defendant paid plaintiffs more than that amount was due to her inexperience and ignorance as to the reasonable amount of attorneys fees; that she relied upon the plaintiffs not to charge her more than was fair and reasonable; and that she would not have paid any sum in excess of $2,500.00 had she been advised as to what was a fair and reasonable fee for the services performed.

"WHEREFORE, defendant prays that the plaintiffs take nothing from their suit and that she recover of and from them under her cross petition the sum of $1,680.44 together with costs of this action."

When plaintiffs' demurrer to the cross petition, predicated upon the ground heretofore indicated, was overruled by the trial court this appeal was perfected.

The general rule is that in the absence of fraud or duress payments which are voluntarily made with full knowledge of all the facts cannot be recovered back by the person making such payment. (40 Am. Jur. 820, § 155; 48 C. J. 734, § 820; *Thimes v. Stumpff*, 33 Kan. 53, 5 Pac. 431; *Wabaunsee Co. v. Walker*, 8 Kan. 431; *City of Atchison v. State, ex rel.*, 34 Kan. 379, 392, 8 Pac. 367; *Marshall v. Beeler*, 104 Kan. 32, 44, 178 Pac. 245.) Its corollary is that payments made as a result of fraud, duress or mistake of fact are not to be regarded as voluntary and therefore are recoverable. (See cases above cited, also *Bradshaw v. Glasscock*, 91 Kan. 11, 136 Pac. 933; *Lowe v. Wells*, 78 Kan. 105, 112, 96 Pac. 74.) Indeed it has been said there are only three grounds on which a suit can be sustained to recover back money paid, to wit: fraud, mistake or duress (*Lamborn v. County Commissioners*, 97 U. S. 181, 24 L. Ed. 926).

In *Kelly v. Miami County*, 85 Kan. 38, 45, 116 Pac. 477, this court said:

"The law is well settled that a payment made in response to a claim asserted as a matter of right is placed upon the same footing as an accord and satisfaction or a compromise and settlement, and can be recovered only upon proof of fraud, duress, or mistake of fact. (Citing cases)."

Resort to the cross petition here involved discloses no allegations of fraud or duress. Therefore the sole issue presented for review, as appellants contend, is whether its allegations state a cause of action for recovery of money paid by the appellee under a mistake of fact.

We are not entirely without cases in this jurisdiction dealing with the question when a mistake of fact permitting a recovery of payment exists. In *Lowe v. Wells,* supra, plaintiff's son was in the employ of the defendant express company. A part of the son's duty was to receive and receipt for packages at the train, convey them to the express office and take a receipt therefor. The boy received and receipted for a package containing money at a train and no further trace of it could be found. Thereupon the company demanded payment of the money. The father believing his son had dropped the package between the train and express office and that it had thus been lost, paid the company for its loss. Afterwards it developed the boy had safely conveyed the package to the company's office and delivered it without taking a receipt therefor and that another company employee had stolen the money. Upon discovery of this fact the father demanded repayment. This was refused and he brought suit. Recovery was allowed on the theory of clear mistake. On the other hand, in *Cummings v. Sigerson,* 63 Kan. 340, 65 Pac. 639, we held that one who had bought an article on time from a harvester company, with a warranty as to its quality, and who voluntarily paid for it after he discovered its defects could not maintain an action to recover payments made by him on the purchase price for the reason such payments were paid with knowledge and hence purely voluntary.

Just what constitutes a mistake of fact, under the rule allowing recovery of payments made thereunder, is not always so easy of determination as in the two decisions to which we have just referred. Be that as it may, they demonstrate that no hard and fast test can be applied in determining whether mistake authorizing recovery exists and that in each case a decision on the point depends largely upon the particular factual situation involved. Generally speaking, even though it be conceded a payment made through pure mistake is within the rule, we think it can be said

that where a person pays money upon a controverted claim or demand conscious of want of knowledge of the material facts or is uncertain, doubtful or speculative concerning them, particularly where they have been ˮin dispute and their status specifically brought to his personal attention, he does not make such payment under "mistake of fact" within the meaning of that term as used in the rule but makes it voluntarily and is precluded from maintaining an action for its recovery. Authority for this conclusion is to be found in 48 C. J. 762 § 319; 40 Am. Jur. 849 § 196, also in our own case of *Milling Co. v. Gas & Electric Co.*, 115 Kan. 712, 721, 722, 225 Pac. 86, where in refusing to permit recovery of a payment alleged to be made under duress, it was said:

"It is elementary that the law does not recognize privilege to pay an illegal demand and then to sue for the money. It is only when, in an emergency for which he is not responsible, a person finds he has no choice except to pay in order to·protect his business interests, that he may˚recover. If, with knowledge of the facts, he voluntarily takes the risk of encountering the emergency, the payment is voluntary. In this instance, there had been open antagonism between the parties for a full year respecting rate. When renewel of service was about to take place without any composing of differences, plaintiff was called on to choose whether or not it would again place itself in defendant's power. It decided to do so and must abide the consequences. . . . An unjust or illegal demand must be resisted at the threshold, because payment under protest may not be employed by way of strategy in dealing with an adversary."

Referring again to the cross petition it will be noted that after the property settlement and on the very day the divorce decree was rendered appellants advised appellee as to the amount of their fee, whereupon she told them it was exorbitant, excessive and unreasonable and that she would not agree to pay the amount claimed by them. It is to be further noted that the payments made by her and which she now seeks to recover on the ground of mistake of fact, namely, all amounts in excess of $2,500, were made after the dispute arose and the reasonableness of the fee had been specifically called to her attention at a time, to say the least, when she was uncertain and in doubt concerning what a fair and reasonable charge would be for the services rendered by appellants in her behalf. In the face of allegations of such character, giving the cross petition the benefit of all inferences to which it is entitled, we are convinced such pleading not only fails to state facts sufficient to constitute a cause of action for the recovery of payments made under mistake of fact but affirmatively establishes that

such payments were made voluntarily under conditions and circumstances which precluded their recovery.

In support of her position the cross petition states a cause of action appellee cites a number of our decisions dealing with the fiduciary relationship òf attorney and client and in effect contends that by reason of such relationship payments made on the attorneys' fee do not come within the scope of the rule held to be decisive of the rights of the parties hereto. Those cases are not in point and need not be labored. It suffices to say the mere fact such a relationshp once existed between the parties or that the payments herein involved were made on such a fee instead of an account or some other type of demand does not detract from the force and effect or avoid application of the rule that payments made under conditions and circumstances herein related and described are not paid under any mistake of fact which would authorize or permit an action for their recovery.

The judgment is reversed with directions to sustain the demurrer to the cross petition.

ARN, J., not participating.