Earle T. RUNCIE, Appellant,

v.

Gail Gallaher RUNCIE, Appellee.

No. 7642.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 10, 1966.

Rehearing Denied Nov. 14, 1966.

Simpson, Adkins, Fullingim & Hankins, Amarillo, A. B. Hankins, Amarillo, of counsel, for appellant.

Lockhart & Wilds, Amarillo, Connally Lockhart, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

Gail Gallaher Runcie, hereinafter referred to as appellee, brought this suit against Earle T. Runcie, hereinafter referred to as appellant. For convenience we will use the appellee's statement of the nature of the case.

Appellant and appellee were formerly husband and wife. They were divorced in the Court of Domestic Relations in Potter County, Texas, May 14, 1963. In connection with the divorce, they entered into a property settlement agreement.

The property settlement agreement entered into by appellant and appellee provided that "all other community property of the parties not expressly given to the husband" goes to the wife. Said property settlement agreement further provided that life insurance policies on the life of appellant were given to appellee, as Trustee, for the use and benefit of the children of appellant and appellee; and appellant assumed and promised to pay the outstanding indebtedness then existing against said life insurance policies in the approximate amount of $3,200. No provision was made in the property settlement agreement as to when the amount owed on the life insurance policies placed in trust should be paid by appellant.

On the date of the divorce, the parties owned a deed of trust note on some Borger real estate in the approximate sum of $3,400 which is referred to as the Davis Note. A similar amount was likewise owed by the parties to the American National Bank in Amarillo. The note to the American National Bank in Amarillo was assumed by appellant in the property settlement agreement. The Borger note was not mentioned in the property settlement agreement.

On July 31, 1963, the maker of the Borger note, G. M. Davis, forwarded a check payable to the order of the appellant and appellee in the amount of $1,935, in payment of one installment on the Davis note. This check was applied on the note these parties owed to the American National Bank, which note had been assumed by appellant. Both appellant and appellee endorsed the above referred to check.

On August 1, 1964, G. M. Davis sent a second check in the amount of $1,831, payable to the order of appellant and appellee in payment of the remaining balance of the

Davis note, also, enclosing a release of the deed of trust lien. Both parties endorsed this check and it was delivered to the American National Bank where it was applied to the balance of the note owed by appellant to the American National Bank. Both parties signed and acknowledged the release of the deed of trust on the Davis property and it was sent to Davis.

This suit was instituted by appellee seeking a judgment for the monies paid by Davis on the vendor's lien note which monies had been applied to appellant's note at the American National Bank. Further, appellee sued in her capacity as Trustee for judgment against appellant for his failure to pay indebtedness on the life insurance policies which appellant had transferred to appellee, as Trustee, for the use and benefit of their children.

The trial was before the court and a judgment was entered in favor of appellee and against appellant in the amount of $3,776, being a judgment only on the Davis note above referred to. The court denied judgment to appellee, in her capacity as Trustee, on the indebtedness of the insurance policies assumed by appellant, which policies were being held by appellee, as Trustee, for the use and benefit of the children of the parties.

 From that judgment appellant perfected this appeal as to the judgment granting the appellee judgment for amount of the indebtedness due and paid on the Davis note. The appellant presents this appeal upon three assignments of error contending the trial court erred in entering judgment in favor of appellee for the monies represented by the Davis note because she had voluntarily endorsed and paid the monies from the proceeds of that note to the indebtedness owed the American National Bank; irrespective of whether the property settlement agreement was ambiguous, the parties by their conduct construed the contract to mean that the Davis note was to be used to retire their indebtedness to the American National Bank, and

the trial court erred in not so holding and that the trial court erred in concluding that the conduct of appellee in voluntarily endorsing the two drafts did not constitute a waiver of any right she had to the monies received in payment of the Davis note.

We deem it best to repeat a portion of the matters here above given. The property settlement gave the appellee certain personal property naming the articles "and all other community property of the parties not expressly herein given to the husband." It is by virtue of this quotation appellee sought the judgment herein. The Davis note was never mentioned in the contract of settlement. It is also true that appellant agreed in the settlement agreement to pay the note held by the American National Bank. The principal of the indebtedness due the American National Bank and the amount of the Davis note were practically the same.

The Davis vendor's lien note executed in June 1961 was in the principal sum of $5,799, payable in three annual installments and the first installment had been paid prior to May 14, 1963, the date appellee secured a divorce from appellant. On the date the divorce was granted there were still unpaid on the Davis note two installments, one for $1,935 due August 1, 1963, and one for $1,831 due August 1, 1964, making the total of $3,766 still unpaid when the divorce was granted. It was the total of those two installments that judgment was granted in favor of appellee.

On July 31, 1963, Davis paid the $1,935 by his check made payable to appellant and appellee. The check was endorsed by appellant and appellee and it was paid and the proceeds paid to the American National Bank upon its note. On August 1, 1964, Davis issued his check payable to appellant and appellee in payment of the last installment due on the note in the sum of $1,831 and they both endorsed the check and it was paid and both executed a proper release of the vendor's and deed of trust lien securing the payment of the Davis note.

The proceeds from the last mentioned check were delivered to the American National Bank in final payment of the Runcie note.

Appellee did not plead or prove that she endorsed the checks and permitted the money to be applied to the payment of the bank note because of any fraud, deception, duress, coercion or compulsion on the part of appellant and the burden to do so was on her. The evidence shows that appellee was familiar with all of the facts.

 It has been well established in this state that money voluntarily paid with full knowledge of all the facts and without fraud, deception, duress or coercion cannot be received back although it was paid upon a void or illegal demand or upon a claim which had no foundation in fact and was paid without consideration. Pennell v. United Ins. Co., 150 Tex. 541, 243 S.W.2d 572; Burnett v. Masonic Grand Chap. of Order of East. Star, Tex.Civ.App., 369 S.W.2d 513; American Casualty And Life Insurance Co. v. Boyd, Tex.Civ.App., 394 S.W.2d 685 and the many cases cited in each of these cases.

We are of the opinion, and so hold, that the trial court erred in rendering judgment in favor of appellee for the $3,766 represented by the Davis note since she voluntarily endorsed and permitted to be paid the monies from the proceeds of that note to the indebtedness owed the American National Bank. That part of the judgment granting appellee to recover the sum of $3,766 is hereby reversed and judgment rendered that appellee recover nothing thereby.

 Appellee filed her cross-point of error contending the trial court erred in holding that a reasonable time had not elapsed for appellant to pay the indebtedness which was assumed against the life insurance policies in the property settlement agreement. Under the agreement certain insurance policies issued on the life of appellant were given to appellee in trust for their children. Certain loans had been secured upon those policies and appellant agreed to pay the in-

surance company the loan existing against the policies. No time was provided as to when such loans were to be paid. Appellant acknowledges he is to pay said loans and will pay them and has paid interest to the insurance company. Nothing is shown herein where appellee has been damaged by appellant's failure at this time to have paid said loan. We overrule appellee's cross-assignment of error.

Judgment of the trial court is reversed and rendered in part and affirmed in part.