453 P.2d 373

**RABBIT EAR CATTLE COMPANY, a New Mexico Corporation, Plaintiff-Appellee,**

v.

**Ella FRIEZE, Defendant-Appellant.**

**No. 8653.**

Supreme Court of New Mexico.

April 21, 1969.

**204**

Ethan K. Stevens, Clayton, for appellant.

Kenneth E. Beck, Clayton, for appellee.

## OPINION

COMPTON, Justice.

Plaintiff brought this action to recover $832.00 alleged to have been mistakenly overpaid to the defendant for pasturage. The defendant denied any mistake of fact and, at a hearing, the trial court found for the plaintiff. Judgment was entered accordingly, and the defendant appeals.

The question on appeal is whether there is sufficient evidence to support the trial court's finding that the plaintiff mistakenly paid the defendant a balance of $4,160.00 for pasturage of plaintiff's cattle for the 1965 season when the claimed true balance owing by plaintiff was $3,328.00.

■ Both parties agree that where findings of the trial court are challenged on appeal, ground rules for review are well settled. An appellate court, on appeal, will examine the record only to determine whether the evidence when viewed in its most favorable aspect supports the court's findings. Crumpacker v. Adams, 77 N.M. 633, 426 P.2d 781.

The appellant first contends that the court erred in finding that plaintiff mistakenly overpaid defendant $832.00, the difference between $4,160.00 and $3,328.00, because there was no substantial evidence of mistake. Accordingly, we review the evidence bearing on the issue of mistake. It appears that sometime in May, 1965, the plaintiff and defendant entered into an oral agreement whereby the defendant agreed to pasture 416 head of yearlings for the agreed sum of $16.00 per head for the grazing season beginning on or about June 1, 1965, the pasturage fee payable one half at the time the yearlings were to be placed on pasture and one half to be paid at the time the yearlings were to be taken out of pasture. The cattle were removed from the defendant's pasture October 19, 1965. The next day, the parties met in a cafe in Clayton to settle the account. What took place on this occasion becomes very material here. At that time a controversy arose as to the terms of the agreement and as to the amount due the defendant. The plaintiff was represented by its president, Ted Harris, and secretary, Mrs. Ted Harris. The defendant was represented by her father, W. J. Sink. The plaintiff contended that the grazing season lasted until November 1, 1965. The defendant, on the other hand, contended that plaintiff agreed to remove the cattle not later than October 5, 1965, and demanded $832.00 for a pasturage of 416 head at $2.00 per head for the extra two weeks, October 5th to October 19th. Both parties knew the position of the other, nevertheless, the plaintiff paid the additional amount claimed by the defendant, as Mr. Harris said, so as to avoid an argument in a public cafe. The record indicates that there were no customers in the cafe at the time.

■ The general rule is that payments made as a result of a material mistake of fact are regarded as involuntary and are recoverable. Elgin v. Gross-Kelly & Co., 20 N.M. 450, 150 P.2d 922, L.R.A.1916A, 711. Mistake of fact is frequently founded in "unconscious ignorance" or forgetfulness of facts which could have been remedied by the exercise of due care. Sawyer v. Mid-Continent Petroleum Corporation, 236 F.2d 518 (10th Cir. 1956). See also Smith v. Noble Drilling Co., 272 F. Supp. 321 (E.D.La.1967); Central National Bank of Houston v. Martin Mortg. Co., 396 S.W.2d 218 (Tex.Civ.App.). It is also a well established rule that payments voluntarily made with full knowledge of all material facts cannot be recovered back in absence of fraud or duress. Runcie v. Runcie, 407 S.W.2d 861 (Tex.Civ.App.); Employers Cas. Co. v. Universal Underwriters Ins. Co., 404 S.W.2d 954 (Tex.Civ.App.); MacGregor v. Millar, 166 Kan. 657, 203 P.2d 137. A person paying money on a controverted or disputed claim while conscious of his want of knowledge of material facts

and where the facts are disputed and the disputed facts are specifically brought to his attention, such payment is not payment under "mistake of fact" as to allow recovery of the payments so made. MacGregor v. Millar, supra.

 On the record before us the finding that the payment was made under a mistake of fact is not factually supported. The evidence is all the other way; the payment was made voluntarily in settlement of a disputed claim. The appellant also asserts another point for reversal of the judgment, but we need not discuss this point as the appellant's first point is determinative of the appeal.

The judgment should be reversed with direction to dismiss the action.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.