453 P.2d 375

**RABBIT EAR CATTLE COMPANY, a New Mexico Corporation, Plaintiff-Appellee,**

v.

**Lula SINK, Executrix of the Last Will and Testament of W. J. Sink, Deceased, Defendant-Appellant.**

No. 8718.

Supreme Court of New Mexico.

April 21, 1969.

Ethan K. Stevens, Clayton, for appellant.

Kenneth E. Beck, Clayton, for appellee.

OPINION

COMPTON, Justice.

This is a companion case to Rabbit Ear Cattle Company v. Frieze, 80 N.M. 203, 453 P.2d 373. The plaintiff brought this action to recover $440.00 alleged to have been mistakenly overpaid to the defendant for pasturage. The cases were consolidated for argument in this court. While the facts differ slightly, the legal principle is common to both cases. The specific question is whether there is substantial evidence to support the trial court's finding that the

plaintiff mistakenly paid to the defendant a balance of $2,440.00 for pasturage of cattle for the 1965 season when the claimed true balance was $2,000.00.

The trial court found that plaintiff and defendant entered into an oral agreement whereby the defendant was to pasture 250 head of yearlings at $16.00 per head for the 1965 season, the pasturage fee to be paid one half at the time the yearlings were placed on pasture and the remaining one half to be paid when the yearlings were taken out of pasture. The court also found that in settlement the plaintiff mistakenly overpaid the amount of $440.00 to the defendant.

The defendant challenges the findings as not having support in the evidence. Where findings of fact are challenged on appeal we will not weigh the evidence but will only examine the evidence to determine whether it substantially supports the findings. Rabbit Ear Cattle Company v. Frieze, supra. After the cattle were removed from the pasture, the parties met in a cafe in Clayton as stated in Rabbit Ear Cattle Company v. Frieze, supra, to settle the account. A controversy arose at that time between the plaintiff and the defendant as to the terms of the contract and as to the amount due. The defendant contended that the contract provided for $20.00 per head for the grazing season and demanded settlement on that basis. Conversely, the plaintiff contended that the contract was for $16.00 per head for the grazing season. In the face of this dispute, Mr. Harris, president of plaintiff company, after deducting $60.00 for missing cattle, paid the disputed amount of $440.00 to avoid further argument in a public cafe, so he claims. The record indicates that there were no customers in the cafe at the time.

The appeal is controlled by Rabbit Ear Cattle Company v. Frieze, supra. The record is devoid of evidence of mistake of fact. The payment was made in settlement of a disputed claim with full knowledge of all material facts. On authority of that case the judgment must be reversed with directions to dismiss the action.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.