589 P.2d 673

OCCIDENTAL LIFE OF CALIFORNIA,
Plaintiff-Appellee,

v.

STATE of New Mexico,
Defendant-Appellant.

Nó. 12066.

Supreme Court of New Mexico.

Jan. 23, 1979.

Toney Anaya, Atty. Gen., Andrea R. Buzzard, Asst. Atty. Gen., Santa Fe, for defendant-appellant.

Rodey, Dickason, Sloan, Akin & Robb, Rex D. Throckmorton, Jonathan W. Hewes, Albuquerque, for plaintiff-appellee.

OPINION

PAYNE, Justice.

Occidental Life of California brought suit against the State of New Mexico to recover an overpayment of premium taxes. The taxes were paid on premiums received on an insurance policy issued by Occidental to an Albuquerque-based retail clerk's union for the purpose of furnishing insurance benefits to members of the union in El Paso, Texas. The trial court held that Occidental was entitled to a full refund of the overpayment. The State appealed. We reverse.

The overpayment of taxes arose as a result of an error by an employee of Occidental. Occidental's usual business practice was to assign a code to an insurance policy which identified the state where the greater number of the insured persons resided. All premiums received under the policy were identified by this code and attributed for tax purposes to the state represented by that code. An Occidental employee assigned a New Mexico code number to the policy, although virtually all the insured parties lived in Texas. As a result of this error, all premium taxes on the policy from 1967 through 1973 were erroneously paid to New Mexico instead of Texas.

The trial court held that since the erroneous coding of the policy was an innocent mistake of which Occidental had no knowledge or notice until 1974, it was entitled to a full refund.

It is well established that in the absence of a statute permitting a recovery, taxes paid voluntarily and without compulsion cannot be recovered. *Jaynes v. Heron*, 46 N.M. 431, 130 P.2d 29 (1942); *Johnson v. Greiner*, 44 N.M. 230, 101 P.2d 183 (1940). Occidental does not dispute that this is an accurate statement of the law, nor is it disputed that at the time these taxes were paid there was no statute which permitted a refund.

Occidental's argument is based on the theory that taxes paid pursuant to an inno-

cent mistake of fact are not paid voluntarily. It contends that the cases of *Rabbit Ear Cattle Company v. Frieze*, 80 N.M. 203, 453 P.2d 373 (1969) and *Elgin v. Gross-Kelly Co.*, 20 N.M. 450, 150 P. 922 (1915) establish the rule that payments made as a result of a mistake of fact are regarded as involuntary and are recoverable. Neither of these cases, however, involve the payment of taxes; both are consistent with the rule of *Jaynes, supra*, and *Johnson, supra*, that the recovery of taxes is governed by statute in the absence of duress.

 The trial court found that Occidental did not pay these taxes under duress. Occidental does not challenge that finding on appeal. Had the taxes been paid under duress they would have been recoverable, even in the absence of a statute permitting their recovery. *Jaynes, supra*. The mere fact that Occidental placed the wrong code on the policy in 1966, and perpetuated the error until 1974, does not render the payment of taxes pursuant to this error "involuntary." The payment of taxes may be voluntary, and hence unrecoverable, even though it is made as a result of a mistake on the part of the taxpayer. *City of Phoenix v. Phoenix Newspapers, Inc.*, 100 Ariz. 189, 412 P.2d 693 (1966); *Sierra Investment Corporation v. County of Sacramento*, 252 Cal.App.2d 339, 60 Cal.Rptr. 519 (1967); *E. A. Stephens & Co. v. Board of Equalization*, 104 Colo. 556, 92 P.2d 732 (1939); *Scoa Industries, Inc. v. Howlett*, 33 Ill.App.3d 90, 337 N.E.2d 305 (1975); *Bateson v. City of Detroit*, 143 Mich. 582, 106 N.W. 1104 (1906). This is especially the case where, as here, it is within the ability of the taxpayer to ascertain the actual facts.

Occidental contends that the passage of § 59–3–7 B, N.M.S.A.1978 (formerly § 58–3–7 B, N.M.S.A.1953 (Inter.Supp.1976–77)) is an expression of a legislative intent that taxes paid by mistake should be recoverable. If this Court were to judicially adopt the proposition advocated by Occidental, the statute permitting recovery would be rendered meaningless. The effect of such a holding would be to permit a recovery of taxes erroneously paid notwithstanding the absence of a statute permitting recovery. We believe that whether a recovery should be allowed is properly a question for the Legislature. The Legislature did not give § 59–3–7 B retroactive effect.

We hold that the district court erred in permitting the recovery of the premium taxes Occidental erroneously paid. In light of this conclusion, it is unnecessary to consider the other issues raised by the State.

The judgment of the district court is reversed and the cause remanded with instructions to enter judgment in favor of the State.

IT IS SO ORDERED.

McMANUS, Senior Justice, and FEDERICI, J., concur.