STATE OF NEVADA AND NEVADA TAX COMMISSION, APPELLANTS, v. OBEXER & SON, INC., RESPONDENT.

No. 13843

March 31, 1983                                    660 P.2d 981

---

*Brian McKay,* Attorney General, and *David M. Norris,* Deputy Attorney General, Carson City, for Appellants.

*Lionel Sawyer & Collins,* and *M. Kristina Pickering* and *Cynthia A. Pappas* and *Richard G. Campbell,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellants assert that the State of Nevada has the right to retain sales or use taxes voluntarily remitted to it by respondent over a three-year period. The district court ordered a full refund of the amount in controversy. Unable to obtain a stay, appellants have complied with the district court order. On the basis of the equities established by operation of NRS 488.075 on the one hand and the Multistate Tax Compact on the other, we hold that the State of Nevada has the right to retain the taxes remitted by respondent during 1974 and 1975, but that respondent is entitled to a refund of the amounts remitted in 1976. We therefore affirm in part and reverse and remand in part for further proceedings consistent with this opinion.

### THE FACTS

Respondent Obexer & Son, Inc. (Obexer) is a boat dealer with its sole place of business in Homewood, California. At all times relevant to these proceedings, Obexer has held a seller's permit issued by the Nevada Department of Taxation. Over the period in issue here, January 1, 1974 to December 31, 1976, Obexer voluntarily collected and remitted to the Department of Taxation a tax on sales in which Nevada purchasers took delivery at Obexer's place of business in California. It is the tax on these sales, amounting to $15,362.00, which is in issue in the instant case.

Obexer characterizes the taxes, which it paid and now seeks to have refunded, as sales taxes paid under NRS 372.105. The State characterizes the taxes as use taxes paid under NRS 372.185. The State alleges that Obexer obtained a seller's permit and collected and remitted these taxes for the convenience of its Nevada customers, who would otherwise have had to pay use tax directly to the Department of Taxation before registering their boats with the Department of Wildlife pursuant to NRS 488.075(1)(a).

Obexer did not collect California sales tax from its Nevada customers who took delivery at its place of business in California. After Obexer paid the Nevada tax in question, California

audited Obexer's sales records for the period July 1, 1973 to September 30, 1976, and determined that California sales tax was due and owing on all sales to Nevada purchasers who took delivery in California. California assessed a deficiency of about $37,000.00 against Obexer, who paid the tax.

Obexer then petitioned the Nevada Department of Taxation for a refund of the taxes it had paid on those sales which were subsequently taxed by California. The Department and the Tax Commission denied the petition, on the ground that the amounts remitted constituted use taxes properly payable to Nevada.

On August 26, 1980, Obexer filed suit against the Tax Commission for a refund of the taxes paid. Both parties moved for summary judgment based on a stipulated statement of facts and a partial administrative record of the proceedings before the Commission. The district court ruled for Obexer, on the ground that the State of Nevada could not have imposed a sales tax nor required Obexer to collect a use tax on the sales in question, and that the payments therefore constituted taxes "erroneously or illegally collected or computed" within the meaning of NRS 372.630(1). This appeal followed.

## SALES AND USE TAXES

Nevada imposes a tax on all retail sales of tangible personal property in the state, and also imposes a tax on the storage, use or other consumption of tangible personal property in the state. 1955 Nev. Stat. ch. 397 at 766-67, 769. The user or consumer is legally liable for the latter tax, but a receipt from a retailer authorized to collect the tax showing that the tax has been paid relieves the purchaser from further liability. *Id.* at 769. If Nevada sales tax is assessed on the sale of property, the storage, use or other consumption of that property is exempt from the use tax. *Id.* at 773.

The sales tax and the use tax are complementary. While the former is an important fiscal measure, the latter is designed to remove the incentive for consumers to purchase goods in states having a smaller sales tax than Nevada's. Thus, the use tax protects the revenue generated by the sales tax. *See* Miller Bros. Co. v. Maryland, 347 U.S. 340, 343 (1954). *See also* National Geographic Society v. Cal. Bd. of Equalization, 430 U.S. 551, 555 (1977); Phillips v. Oklahoma Tax Comm'n, 577 P.2d 1278, 1282-83 (Okla. 1978).

There is no question that Nevada could not constitutionally impose either a sales tax or the obligation of collecting a use tax

on Obexer. To be taxable in the state, the sale must be made in the state, and the sales in issue took place in California. *See* Phillips v. Oklahoma Tax Comm'n, 577 P.2d at 1282. *See also* Miller Bros. Co. v. Maryland, 347 U.S. at 345-46; McLeod v. Dilworth Co., 322 U.S. 327 (1944). To impose liability for the collection of a use tax on an out-of-state seller, there must be a constitutionally sufficient relationship or "nexus" between the seller and the taxing state, such as the maintenance by the seller of offices, agents, salespersons, or property in the state. *National Geographic Society,* 430 U.S. at 556-57. *See* Scripto, Inc. v. Carson, 362 U.S. 207 (1960). "[D]ue process requires some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax." *Miller Bros. Co.,* 347 U.S. at 344-45. Obexer's occasional delivery of goods in Nevada is not adequate to establish such a connection. *See id.* at 346-47. Obexer's possession of a Nevada seller's permit is similarly inadequate. *See* American Oil Co. v. Neill, 380 U.S. 451, 458-59 (1965).

## THE RIGHT TO A REFUND

The district court was mistaken, however, in holding that Nevada's inability to impose a tax burden on Obexer determined whether or not Obexer was entitled to a refund. Actions to recover taxes paid are equitable in nature, and the burden of proof is on the taxpayer to show that the taxing body holds money that in equity and good conscience it has no right to retain. El Tejon Cattle Co. v. County of San Diego, 60 Cal.Rptr. 586, 595 (Ct.App. 1967); Hawes v. Smith, 169 S.E.2d 823, 824 (Ga.App. 1969). "Such would be accomplished by establishing the plaintiff's *right to the money and the defendant's possession.*" 169 S.E.2d at 824 (emphasis in original). *See* Estate of Kasishke v. Oklahoma Tax Comm'n, 541 P.2d 848, 852 (Okla. 1975) (a claim for refund is one for money had and received, and taxpayer must establish that he has in fact overpaid his tax to recover).

Nevada has statutes allowing taxpayers to claim and sue for refunds,[1] thus precluding the State from asserting the common

---

[1]NRS 372.630 provides as follows:

　1. If the department determines that any amount, penalty or interest has been paid more than once or has been erroneously or illegally collected or computed, the department shall set forth that fact in the records of the department and certify to the state board of examiners the amount collected in excess of the amount legally due

law defense of voluntary payment. Hawes v. Smith, 169 S.E.2d at 824. *See* W.F. Monroe Cigar Co. v. Dep't of Revenue, 365 N.E.2d 574, 575 (Ill.App. 1977); Scoa Industries, Inc. v. Howlett, 337 N.E.2d 305, 311 (Ill.App. 1975); Occidental Life of California v. State, 589 P.2d 673 (N.M. 1979); Mercury Machine Importing Corp. v. City of New York, 144 N.E.2d 400, 404 (N.Y. 1957). However, such statutes permit recovery only where the taxpayer himself has borne the financial burden of the tax. If the taxpayer making the claim has collected the tax from his customers, he has suffered no loss or injury, and is not entitled to a credit or refund even if the tax was paid erroneously. *W.F. Monroe Cigar Co.,* 365 N.E.2d at 575. *See* Washington Plaza Assocs. v. State Bd. of Assessment Appeals, 620 P.2d 52, 53 (Colo.App. 1980).

In the instant case, Obexer collected the Nevada tax from its customers, and then remitted the tax to the State. Had Obexer not done so, Nevada residents subject to the use tax would have had to satisfy their tax liability prior to registering their boats with the Department of Wildlife, as required by law. NRS 488.075(1). *See* NRS 488.065(1). Thus, Obexer was merely a conduit for the revenue, and would be unjustly enriched if the State were forced to return to it all of the taxes that it collected from its Nevada customers. *See* Decorative Carpets, Inc. v. State Bd. of Equalization, 373 P.2d 637, 638 (Cal. 1962).

On the other hand, both Nevada and California were members of the Multistate Tax Compact between January 1, 1976 and December 31, 1976. NRS 376.010 (*repealed* 1981 Nev. Stat. ch. 181, at 350). *See* Cal. Rev. & Tax. Code § 38001 (West 1979); 1974 Cal. Stat. ch. 93, at 207. The Compact enables purchasers to credit the sales or use taxes paid in one state against the use taxes due in another. Article V, § 1. So, during part of the period in issue in the instant case, Nevada purchasers could have credited the California sales tax against the Nevada use tax, had they been required to pay the former. If

---

and the person from whom it was collected or by whom paid. If approved by the state board of examiners, the excess amount collected or paid must be credited on any amounts then due from the person under this chapter, and the balance refunded to the person, or his successors, administrators or executors.

　2.　Any overpayment of the use tax by a purchaser to a retailer who is required to collect the tax and who gives the purchaser a receipt therefor pursuant to sections 34 to 38, inclusive, of the Sales and Use Tax Act (chapter 397, Statutes of Nevada 1955) and NRS 372.210 to 372.255, inclusive, must be credited or refunded by the state to the purchaser.

*See* NRS 372.680.

Obexer had not erred, and had collected and remitted the California sales tax during 1976, the Multistate Tax Compact would have prevented Nevada from collecting any use tax on the boats purchased during that year.

Because Nevada received the 1976 taxes solely as a result of Obexer's error, and was not otherwise entitled to the money, Nevada has no equitable right to retain those revenues. As Obexer was eventually forced to pay California sales tax on the transactions in issue, refunding to it the Nevada taxes remitted in 1976 would not give Obexer a windfall, and would have the same effect on Nevada's revenues as if Obexer had collected and remitted the California tax in the first place.

Obexer argues that because Nevada could not constitutionally impose a sales tax or the burden of collecting a use tax on it, all of the taxes it paid arose from "exempt" transactions under NRS 372.265,[2] and were therefore "erroneously or illegally collected or computed" under NRS 372.630(1).[3] In light of the boat registration statutes, however, Obexer has not shown that it is more entitled to the amounts collected in 1974 and 1975 than the State of Nevada, even if the procedure by which Nevada came by the sums might be considered irregular. "The idea upon which . . . a suit [for refund] is predicated is that the [taxing body] has received that which in justice it ought not to retain, and, therefore, when the proceedings have been simply irregular, the action will not lie." *El Tejon Cattle Co.,* 60 Cal.Rptr. at 595. Therefore, we hold that Nevada may retain the amounts that Obexer remitted to it during 1974 and 1975, but must refund the amounts remitted in 1976, when the Multistate Tax Compact was in force in both Nevada and California. We accordingly affirm in part and reverse and remand in part for further proceedings consistent with this opinion.

---

[2]NRS 372.265 provides as follows:

There are exempted from the taxes imposed by this chapter the gross receipts from the sale of, and the storage, use or other consumption in this state of, tangible personal property the gross receipts from the sale of which, or the storage, use or other consumption of which, this state is prohibited from taxing under the Constitution or laws of the United States or under the constitution of this state.

[3]*See* footnote 1, *supra.* The district court erroneously found that Obexer had been subjected to "double taxation" by having to pay the California sales tax after collecting and remitting the Nevada tax. "Double taxation" occurs only where there is imposition of the same tax by the same taxing authority on the same subject matter. Cedar Valley Leasing, Inc. v. Iowa Dept. of Revenue, 274 N.W.2d 357, 361 (Iowa 1979); Guess v. Riverside Farms, Inc., 340 S.2d 6, 9 (Miss. 1976). There is no "double taxation" where the taxes are imposed by different states. *See* Diefendorf v. Gallet, 10 P.2d 307, 316 (Idaho 1932).