SAVEWAY SUPER SERVICE STATIONS, INC., A NEVADA CORPORATION, APPELLANT, v. PATRICIA CAFFERATA, TREASURER OF THE STATE OF NEVADA, RESPONDENT.

No. 18436

August 25, 1988                                   760 P.2d 127

*Donald L. Wood,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, and *Michael Dougherty,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Saveway Super Service Station, Inc. (Saveway) is a licensed dealer in motor vehicle fuels in Nevada and is subject to a state fuel tax. This case arises from two separate alleged delinquent tax payments made by Saveway. The alleged violations concern the tax payments for the months of December 1981 and January 1983. In each instance the tax payment was filed and payment, by check, was enclosed prior to the prescribed deadline. Each check, however, was dishonored by the drawee bank, and final payment was not received until after the deadline.

In consequence of these alleged late payments, the Nevada Department of Taxation added interest and "loss of discount" to Saveway's fuel tax liability. *See* NRS 365.330, NRS 365.340. Saveway contends that both checks were wrongfully dishonored as there were sufficient funds on deposit at the bank to honor both checks upon their initial presentment for payment.[1]

This matter was last before us in February 1985. At that time, Saveway was appealing from a judgment entered in the Eighth Judicial District Court dismissing Saveway's complaint for lack of subject matter jurisdiction. Under the provisions of the Administrative Procedure Act (NRS 233B.130), Saveway had sought judicial review of the Nevada Tax Commission's order requiring Saveway to pay $23,709.14 for loss of discount and interest.[2] In our order dismissing Saveway's previous appeal, we stated that NRS 233B.130 is specifically limited by NRS 365.460, and under NRS 365.460 Saveway's remedy was to pay the excise tax under

---

[1]Nev. Admin. Code 365.030, relating to dishonored checks, provides:

1. Except as provided in subsection 2, a check which was tendered within the due date prescribed by law but subsequently dishonored after the due date does not constitute timely payment.

2. If the check was not honored through the fault or error of the banking institution and the taxpayer can provide evidence to this effect, the payment will be considered made on the date tendered.

[2]Distributors who timely file monthly tax returns are entitled to a 2% discount, but delinquent filers forfeit that discount. *See* State ex rel. Tax Comm'n v. Saveway, 99 Nev. 626, 668 P.2d 291 (1983).

protest and bring an action against the state treasurer in the district court in Carson City to recover the amount paid under protest. Saveway has since taken that course of action, and the First Judicial District Court granted respondent's cross-motion for summary judgment, finding that the decision of the Nevada Tax Commission was neither clearly erroneous, arbitrary, nor capricious.

Saveway appeals, alleging that the district court action was brought pursuant to NRS 365.460 as an action for the refund of a tax overpayment, not a complaint for judicial review.[3] Therefore, Saveway argues that the district court erred in applying such standards of review to an independent action. Respondent's only argument for the application of the substantial evidence test is that judicial review, as opposed to a trial *de novo,* would promote judicial economy. Respondent cites Nevada Power Company v. Public Serv. Comm'n, 91 Nev. 816, 544 P.2d 428 (1975), and No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 429 P.2d 66 (1967), in support of this position. However, none of the cases cited by respondent involves a suit for a tax refund. While respondent may be correct in arguing that judicial review would promote judicial economy, such a rule is best left in the hands of the state legislature.

In State, Nev. Tax Comm'n v. Obexer & Son, 99 Nev. 233, 237, 660 P.2d 981, 984 (1983), we stated: "Actions to recover taxes paid are equitable in nature, and the burden of proof is on the taxpayer to show that the taxing body holds money that in equity and good conscience it has no right to retain." The plaintiff must establish his right to the money in the defendant's possession. *Id.; see also* Honeywell, Inc. v. State Bd. of Equalization, 180 Cal.Rptr. 479 at 481 (Cal.Ct.App. 1982). The burden of proof, so articulated, certainly implies that the burden is not that of showing a lack of substantial evidence, rather, it is to support the elements of an independent action for restitution.[4] People v.

---

[3]NRS 365.460 provides:

> After payment of any excise tax under protest duly verified, served on the department, and setting forth the grounds of objection to the legality of the excise tax, the dealer paying the excise tax may bring an action against the state treasurer in the district court in and for Carson City for the recovery of the excise tax so paid under protest.

[4]We note, in addition, that NRS 365.460 requires that the action be brought against the state treasurer, who was not an immediate party to the administrative proceedings. In fact, the tax commission is not a party to the subsequent claim for restitution. This point is obviously more compatible with a construction that the statute allows an independent action against the holder of overpaid tax.

Sonleitner, 8 Cal.Rptr. 528, 539 (Cal.Ct.App. 1960); Marchica v. State Board of Equalization, 237 P.2d 725 (Cal.Ct.App. 1951).

We conclude that the district court erred in applying standards of judicial review properly applied to *appeals* from administrative decisions. NRS 365.460 states that the taxpayer may bring the action to recover taxes illegally assessed. This statute is not found within the Administrative Procedure Act,[5] and authority from other jurisdictions supports Saveway's contention that the statute gives the taxpayer a right to bring an independent action for restitution. Accordingly, we reverse and remand.

---

[5]It is clear that this standard is applied in appeals from administrative decisions where the appeal to the district court is brought pursuant to the Administrative Procedure Act.