SOUTHERN CALIFORNIA EDISON, Petitioner, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for CARSON CITY, and THE HONORABLE JAMES TODD RUSSELL, District Judge, Respondents, and THE STATE OF NEVADA, DEPARTMENT OF TAXATION, Real Party in Interest.

No. 55228

May 26, 2011                                                255 P.3d 231

[Rehearing denied September 20, 2011]

*Norman J. Azevedo*, Carson City; *O'Melveny & Myers LLP* and *Charles C. Read, Christopher W. Campbell*, and *Ryan M. Austin*, Los Angeles, California, for Petitioner.

*Catherine Cortez Masto*, Attorney General, and *Gina C. Session*, Chief Deputy Attorney General, Carson City, for Real Party in Interest.

*David J. Roger*, District Attorney, and *Paul D. Johnson*, Deputy District Attorney, Clark County, for Amicus Curiae Clark County.

*Legislative Counsel Bureau Legal Division* and *Brenda J. Erdoes*, Legislative Counsel, and *William L. Keane*, Senior Principal Deputy Legislative Counsel, Carson City, for Amicus Curiae Legislature of the State of Nevada.

*McDonald Carano Wilson LLP* and *Debbie Leonard* and *Jeffrey A. Silvestri*, Las Vegas, for Amici Curiae Nevada Taxpayers Association, Nevada Manufacturers Association, and Council on State Taxation.

Before the Court EN BANC.

## OPINION

By the Court, DOUGLAS, C.J.:

In this writ proceeding, we are asked to clarify the proper method of challenging the refund claim decisions of the Nevada Tax Commission. Specifically, the parties dispute whether such challenges should be through an independent civil action in which the district court's review is de novo, or through a petition for judicial review, which provides for a more deferential review of the Commission's decision. While we conclude that a petition for judicial review is the proper vehicle for challenging the Commission's decisions on claims for sales and use tax refunds, the Nevada Department of Taxation is judicially estopped from requesting that the claimant here proceed in such a manner, and thus, mandamus relief is appropriate.

In this case, after the Nevada Tax Commission denied petitioner Southern California Edison's claims for refunds of use taxes, Edison filed a complaint in district court, seeking relief under NRS 372.680. The district court ordered that the matter would proceed on the administrative record as a petition for judicial review pursuant to the Administrative Procedures Act (APA), codified in NRS Chapter 233B. Edison thus has filed the instant writ petition, asking this court to determine that the APA does not apply because NRS 372.680 allows for trial de novo. Edison requests that this court issue a writ of mandamus ordering the district court to treat Edison's complaint as an independent civil action or provide other appropriate relief.

We conclude that the APA applies to sales and use tax refund claims. Although NRS 372.680 allows claimants to "bring an action" in the district court and our prior decisions, including *Saveway v. Cafferata*, 104 Nev. 402, 760 P.2d 127 (1988), suggested that claimants receive a trial de novo there, the APA and general tax statutes were subsequently amended in a manner demonstrating that judicial review under the APA is now the exclusive means of proceeding with a refund claim. Therefore, when taxpayers challenge the Commission's decision on sales and use tax refund claims, the matter is subject to judicial review pursuant to the APA. NRS 372.680 permits a taxpayer to challenge the Commission's decision by filing an action; pursuant to NRS 233B.130, that action must be a petition for judicial review. However, in this case, real party in interest, the Nevada Department of Taxation, is judicially estopped from asserting that a petition for judicial review is the sole remedy because it specifically told Edison that trial de novo would be available if Edison was unhappy with the Commission's decision. Therefore, although we hold that the APA applies to sales and use tax refund claims, in this instance, we conclude that the district court erred when it ordered the action to proceed as a petition for judicial review, and we grant Edison's petition for a writ of mandamus.

## PROCEDURAL HISTORY AND FACTS

Edison filed with the Department several claims for refunds of use taxes it paid between March 1998 and December 2000. The Department denied those claims, and Edison appealed to the Commission. The claims were consolidated, and an administrative law judge upheld the Department's denial of Edison's requested refunds. Edison then appealed the administrative law judge's decision to the Commission.

Ultimately, the Commission voted to deny Edison's claims and later issued a written decision doing so.[1] Edison filed a complaint in district court seeking trial de novo for its refund claim. The Department filed a motion to dismiss, arguing that Edison should have filed a petition for judicial review under the APA, not a complaint. Following a hearing and subsequent briefing on whether the APA applied, the district court ordered that, even

---

[1]The Commission originally granted Edison's tax refund claims during a closed session. This court reversed the Commission's decision because the Commission had violated Nevada's Open Meeting Law. *Attorney General v. Nevada Tax Comm'n*, 124 Nev. 232, 244-45, 181 P.3d 675, 683 (2008). The Commission subsequently conducted new hearings in open session, which led to the decision denying the claims.

though Edison had filed a complaint rather than a petition for judicial review, the matter would proceed under the APA's judicial review standards. The district court concluded that "NRS Chapter 233B applies to all administrative agencies within the state unless exempt. The [Department] and the [Commission] are not exempt from the provisions of NRS Chapter 233B. NRS 233B.039. All decisions by the Commission are therefore subject to NRS 233B.130(6)."

The district court stayed the proceedings pending resolution of the instant petition for a writ of mandamus challenging the district court's decision.

## DISCUSSION

Edison argues that NRS 372.680 applies to its tax refund claim and that the proper proceeding under that statute is a civil action in district court, proceeding as trial de novo. Edison argues that the judicial review standard in the APA is inapplicable and petitions this court to issue a writ of mandamus compelling the district court to treat its complaint as an independent civil action.

"This court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Redeker v. Dist. Ct.*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006); *see also* NRS 34.160. "The writ does not issue where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law." *Redeker*, 122 Nev. at 167, 127 P.3d at 522; *see also* NRS 34.170. A writ of mandamus is an extraordinary remedy; therefore, a court's decision to entertain a petition for a writ of mandamus is discretionary. *Hickey v. District Court*, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989). In determining whether writ relief is available and appropriate, we will consider, among other things, whether the petition raises an important issue of law that requires clarification. *Redeker*, 122 Nev. at 167, 127 P.3d at 522. It is the petitioner's burden to demonstrate that such relief is warranted. *American Home Assurance Co. v. Dist. Ct.*, 122 Nev. 1229, 1234, 147 P.3d 1120, 1124 (2006). Furthermore, we review questions of law de novo. *Saylor v. Arcotta*, 126 Nev. 92, 95, 225 P.3d 1276, 1278 (2010); *State, Div. of Insurance v. State Farm*, 116 Nev. 290, 293, 995 P.2d 482, 484 (2000).

Edison argues that the nature of the judicial remedy available in a tax refund action is an important issue of law requiring clarification. Edison argues that the Department has taken inconsistent positions from one case to the next, and that this court should ensure that all taxpayers are treated with uniformity and consistency. According to Edison, there are multiple cases that are working

their way through the administrative appeals process and that have been filed in district court that will require district courts throughout the state to determine the appropriate standard of review and procedural posture for refund cases. Edison argues that we should definitively clarify the law so that all of those cases are treated equally.

It appears that the Department has adopted a new policy for refund cases. The Department and the Attorney General's office admitted at oral argument that, in the past, they had advised some taxpayers who contested the denial of a refund that trial de novo before the district court would be available. They also admitted that there was no consistent position taken regarding whether a taxpayer is entitled to trial de novo or a petition for judicial review. In one case, an administrative law judge stated in a letter that: ''[i]n the event that this matter is appealed to district court, it will be reviewed de novo and additional discovery will likely be allowed at that time.'' However, in its answer to the writ petition, the Department states that ''going forward, [it] is challenging refund actions filed as civil actions in district court after an administrative proceeding.''

Given this change in the Department's approach to refund actions, and the resulting confusion and potential disparate application of the law, we take this opportunity to clarify the proper procedure when a taxpayer challenges a Commission decision in a refund action.[2]

*Whether a taxpayer can file a complaint in district court or is required to petition for judicial review when challenging a decision of the Commission*

In an action for refund, there appears to be two applicable statutes governing the nature of the action: NRS 372.680 and NRS Chapter 233B, specifically NRS 233B.130 and 233B.135. These statutes seem to require different types of proceedings. In *Saveway*, we held that a statute similar to NRS 372.680 provided for trial de novo. 104 Nev. at 404-05, 760 P.2d at 128-29. NRS Chapter 233B, however, provides for a more deferential standard of review for the commission's decision. NRS 233B.135.

As currently drafted, NRS 372.680 establishes a right of action against the Department for the recovery of a disallowed refund claim and reads:

> 1. Within 90 days after a final decision upon a claim filed pursuant to this chapter is rendered by the Nevada Tax Commission, the claimant may bring an action against the Department on the grounds set forth in the claim in a court of

---

[2]We note that during oral argument, the parties indicated that there seems to be confusion at the district court level as to whether NRS Chapter 233B applies or whether NRS 372.680 applies.

competent jurisdiction in Carson City, the county of this State where the claimant resides or maintains his or her principal place of business or a county in which any relevant proceedings were conducted by the Department, for the recovery of the whole or any part of the amount with respect to which the claim has been disallowed.

2. Failure to bring an action within the time specified constitutes a waiver of any demand against the State on account of alleged overpayments.

NRS 372.680, however, does not define the nature of the action to be brought against the department.

In *Saveway*, this court recognized that prior caselaw regarding a statutory refund claim "certainly implies that *the burden is not that of showing a lack of substantial evidence*, rather, it is to support the elements of an *independent action* for restitution." 104 Nev. at 404, 760 P.2d at 128 (emphases added). However, NRS Chapter 233B and NRS 372.680 have both been amended since this court decided *Saveway*, and we reconsider the nature of the action for a refund claim.

NRS 233B.130 provides for judicial review of an agency's decision. Additionally, included in the APA is a statement of legislative intent, which reads:

1. By this chapter, the Legislature intends to establish minimum procedural requirements for the regulation-making and adjudication procedure of all agencies of the Executive Department of the State Government and for judicial review of both functions, except those agencies expressly exempted pursuant to the provisions of this chapter. This chapter confers no additional regulation-making authority upon any agency except to the extent provided in subsection 1 of NRS 233B.050.

2. The provisions of this chapter are intended to supplement statutes applicable to specific agencies. This chapter does not abrogate or limit additional requirements imposed on such agencies by statute or otherwise recognized by law.

NRS 233B.020.

NRS 233B.039 sets out which agencies are completely exempt from the application of NRS Chapter 233B. It also specifically enumerates the statutory provisions that prevail over the provisions of NRS Chapter 233B. The Department of Taxation and the Tax Commission are not included in NRS 233B.039's exemption provision and none of the statutory provisions listed as prevailing over NRS Chapter 233B apply.

In 1989, after the *Saveway* decision, the Legislature removed language from NRS 233B.130(1) that stated the APA "does not limit utilization of trial de novo to review a final decision [of the

agency] where provided by statute, but this chapter provides an alternative means of review in those cases." 1989 Nev. Stat., ch. 716, § 6, at 1651. The Legislature also added NRS 233B.130(6), which provides: "[t]he provisions of this chapter are the exclusive means of judicial review of, or judicial action concerning, a final decision in a contested case involving an agency to which this chapter applies." *Id.* at 1652.

Richard Campbell, the chairman of the state bar's administrative law committee explained the rationale for the changes:

> [Campbell] indicated one problem with administrative law is that each agency has its own judicial review provision but it is incomplete and contains no provision for procedures before the courts. [Campbell] also pointed out it is not clear whether NRS 233[B] or the agency's law applies thereby creating general confusion among practitioners and the courts. [Campbell] indicated he spoke with several judges who urged the Administrative Law Committee to clarify such procedures.

Hearing on A.B. 884 Before the Assembly Governmental Affairs Comm., 65th Leg., (Nev., June 6, 1989).

Thereafter, in 1997, the Legislature also added the following language to NRS 360.245:[3] "A decision of the Nevada Tax Commission is a final decision *for the purposes of judicial review*. The Executive Director or any other employee or representative of the Department shall not seek judicial review of such a decision." (Emphasis added.) Thus, when NRS 360.245(5) is read together with NRS 233B.130(6), it indicates that it was the intent of the Legislature that all final decisions by the Commission be subject to the provisions of NRS Chapter 233B.

Senate Bill (S.B.) 362 amended the language of NRS 372.680 to reflect the need for a final decision from the Nevada Tax Commission before seeking judicial relief:

> 1. Within 90 days after [the mailing of the notice of the department's action] a **final decision** upon a claim filed pursuant to this chapter [,] is rendered by the Nevada tax commission, the claimant may bring an action against the department on the grounds set forth in the claim in a court of competent jurisdiction in Carson City, **the county of this state where the claimant resides or maintains his principal place of business or a county in which any relevant proceedings were conducted by the department,** for the recov-

---

[3]NRS Chapter 360 contains general provisions pertaining to Nevada's revenue and taxation statutes. When the quoted language was added, it was designated as NRS 360.245(4). 1997 Nev. Stat., ch. 547, § 4, at 2595. The language is now designated as NRS 360.245(5), and we will refer to it as such in this opinion. *See* 1999 Nev. Stat., ch. 484, § 4, at 2481.

ery of the whole or any part of the amount with respect to which the claim has been disallowed.

2. Failure to bring **an** action within the time specified constitutes a waiver of any demand against the state on account of alleged overpayments.

1999 Nev. Stat., ch. 484, § 33, at 2495 (bold indicates language added and strikethrough indicates language removed). A staff summary, prepared by a staff member of the committee, considered by the Assembly Committee on Taxation explained that the amendments to NRS 372.680 "[p]rovide[ ] that an action for judicial review of a claim for refund of sales tax follows a decision of the [Commission], not the [Department], and that such action may be brought in a court in Clark County as well as Carson City." Hearing on S.B. 362 Before the Assembly Taxation Comm., 70th Leg. (Nev., May 6, 1999), Exhibit G. S.B. 362 was approved by the Assembly and Senate without any specific remarks.

In a memorandum to the Assembly Judiciary Committee Chairman regarding S.B. 362, the Office of the Attorney General stated:

> Prior to S.B. 362, refund claims had not been subject to the requirements of chapter 233B of the Nevada Revised Statutes. . . . In the event that S.B. 362 becomes law, . . . after a Tax Commission decision, the taxpayer may file a petition with a district court in a judicial review proceeding. It is this filing of a petition for judicial review which is the subject of the venue provisions in S.B. 362. Thus, S.B. 362 contemplates a change from past practice where refund claims upon passage of S.B. 362 will now be subject to the requirements of Chapter 233B of the Nevada Revised Statutes.

Memorandum dated May 7, 1999, to Assemblyman Bernie Anderson, Chairman, Assembly Committee on Judiciary, from Norm Azevedo, Senior Deputy Attorney General.

The deputy attorney general who wrote the memorandum also gave testimony to the Senate Committee on Taxation:

> [He] said this particular provision was addressed in NRS chapter 23[3]B and he did not see a problem with it being brought to other courts in the state. He explained the purpose of this bill and what it would achieve. He said the amendments clarified the language with great specificity so that in almost every instance the sequence would be a hearing officer, the tax commission, and, if it went to court, it would be pursuant to NRS chapter 233B in the form of a petition for judicial review. He said NRS chapter 233B would address most sales- and use-tax statutes that go to the commission.[4]

---

[4]The court is aware that Mr. Azevedo now represents Edison in this matter. However, his comments to the Legislature were made in his capacity as a deputy attorney general.

Hearing on S.B. 362 Before the Senate Taxation Comm., 70th Leg. (Nev., March 23, 1999). Based on this testimony, every legislator at that committee meeting was made aware that the amendment to NRS 372.680 would be interpreted by the Attorney General's office and the Department to include a judicial review standard for appealing a decision of the Commission and approved it.

It is clear from NRS 372.680, S.B. 362, and the larger statutory schemes that the intent of NRS 372.680, as amended, was to provide for judicial review of the Commission's final decisions. The legislative history indicates that the Legislature intended for the judicial remedies contemplated in NRS 372.680 to proceed under the standards set forth in NRS Chapter 233B. Based on the legislative history of S.B. 362, the statutory intent was clearly expressed in the memorandum and testimony that resulted in overwhelming approval of the bill. Appeals from decisions of the Commission should be by way of judicial review and not trial de novo.

Therefore, we conclude that NRS 372.680 now contemplates judicial review, in accordance with NRS Chapter 233B, and a petition for judicial review under those statutes is the sole remedy after a final decision by the Commission in regard to a sales and use tax refund matter.

### Judicial estoppel

Although the proper means of seeking review of the Commission's decision is by means of a petition for judicial review, we conclude that, in this instance, Edison's refund claims should nevertheless proceed as a trial de novo. The Department is judicially estopped from asserting that the only remedy available to Edison is judicial review.

Judicial estoppel applies to protect the judiciary's integrity and prevents a party from taking inconsistent positions by " 'intentional wrongdoing or an attempt to obtain an unfair advantage.' " *NOLM, LLC v. County of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004) (quoting *Kitty-Anne Music Co. v. Swan*, 4 Cal. Rptr. 3d 796, 800 (Ct. App. 2003)). This court may invoke the doctrine at its discretion. *Id.* Judicial estoppel, however, does not preclude a change in position that is not intended to sabotage the judicial process. *Id.* Judicial estoppel may apply when

> "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first

position . . . ; (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake."

*Id.* (quoting *Furia v. Helm*, 4 Cal. Rptr. 3d 357, 368 (Ct. App. 2003)).

Both now and in the past, the Department has taken totally inconsistent positions in quasi-judicial administrative proceedings regarding the proper procedure for a taxpayer who wishes to challenge the Department's denial of a refund claim. The Department took the position in its brief to the Commission that

[i]f Edison believes, following the Commission's review of this matter, that the administrative record is deficient in some respect, it may exercise its right to file a law suit against the Department under NRS 372.680. Unlike NRS 361.420, which addresses appeals from decisions of the State Board of Equalization, NRS 372.680 in [no] way purports to limit the district court's review to the administrative record on appeal. Consequently Edison would have an opportunity before the district court to more fully develop the facts, if appropriate.

This position is further maintained by an administrative law judge from the Department stated in a letter to the parties' counsel that, "[i]n the event that this matter is appealed to district court, it will be reviewed de novo and additional discovery will likely be allowed at that time." There is nothing in the record to suggest that the Department's original position was due to ignorance, fraud, or mistake.

Furthermore, it would be highly inequitable to now allow the Department to change its position with respect to this taxpayer. Therefore, although tax refund claims typically must proceed in the district court under the APA, we conclude that the district court erred when it allowed the Department to assert a position contrary to the one it took earlier in this case when it stated that Edison would be allowed a trial de novo in the district court.[5]

Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus directing the district court to va-

---

[5]For the same reason, the Department's argument that res judicata, or claim preclusion, bars Edison from seeking a refund in a district court trial de novo fails. If, as the Department indicated before, NRS 372.680 provided for a trial de novo, then claim preclusion could not be used to contravene the Legislature's policy decision. In any event, claim preclusion will not be applied when the party seeking its benefit has actively encouraged the actions of the party against whom it would be invoked. *See Campbell v. State, Dep't of Taxation*, 108 Nev. 215, 219, 827 P.2d 833, 836 (1992) (refusing to apply claim preclusion when the taxpayers lost any opportunity to reclaim taxes paid by following the Tax Department's incomplete advice).

cate its order that provides that the matter will proceed as an NRS Chapter 233B petition for judicial review and to instead allow the matter to proceed as filed, an independent action.

CHERRY, SAITTA, GIBBONS, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.