An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LESLIE P. BARTA,
Appellant,
vs.
STATE OF NEVADA EX REL. STATE
BOARD OF EQUALIZATION, AN
AGENCY OF THE STATE OF NEVADA;
WASHOE COUNTY, A SUBDIVISION
OF THE STATE OF NEVADA; AND
WASHOE COUNTY ASSESSOR,
Respondents.

No. 54631

FILED

APR 01 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in a property tax matter. First Judicial District Court, Carson City; James Todd Russell, Judge.

In this case, appellant Leslie Barta alleges that his properties were overtaxed through a nonreappraisal-year assessment determined by an invalid factor. He claims that the Assessor developed the factor for the 2008-2009 tax year in a manner that was not specifically authorized by the Nevada Tax Commission (NTC), and the information used by the Assessor rendered the factor unconstitutional. Barta challenged the 2008-2009 assessments of his two properties before the Washoe County Board of Equalization. The County Board rejected his argument and upheld the challenged tax assessments. Barta then administratively appealed to the State Board of Equalization. The State Board also denied Barta's request for relief because it found that the NTC approved the nonreappraisal-year factor used by the Assessor.

Barta then filed a joint complaint and petition for judicial review in the district court, assertedly pursuant to NRS 361.420(2) and

SUPREME COURT
OF
NEVADA

(O) 1947A

13-09424

NRS 233B.130(1), respectively. The joint complaint and petition for judicial review named as defendants/respondents the Assessor, the County, the State Board, the Nevada Department of Taxation (the Department), and the NTC.[1] The district court dismissed Barta's complaint in its entirety, reasoning that NRS 361.420(2) does not permit a taxpayer to file a complaint disputing a valuation decision of the State Board.

As to the remaining petition for judicial review, the district court dismissed the NTC and the Department as respondents because they were not parties to the administrative proceeding before the State Board. The district court then concluded that Barta failed to overcome NRS 361.430's presumption of validity of the State Board's determination that the Assessor followed the applicable statutory and regulatory scheme when developing the nonreappraisal-year factor he used to determine the properties' 2008-2009 taxable values. Therefore, the district court denied Barta's petition for judicial review and affirmed the State Board's decision.

In this appeal, we are asked to determine whether NRS 361.420(2) permitted Barta to seek relief from the State Board's adverse decision by filing a joint complaint and petition for judicial review. We conclude that NRS 361.420(2) does not permit a taxpayer to file a complaint in the district court, and we thus affirm the district court's dismissal of Barta's complaint.

---

[1]The NTC and the Department were not named as parties on appeal. However, because the issues in this appeal directly affect these entities, we direct the clerk to modify the caption in this order to add these entities as respondents.

We further conclude that dismissal of the NTC and the Department as parties from Barta's petition for judicial review was proper. Barta named the NTC and the Department as parties so that he could contest their approval of the nonreappraisal-year factor used by the Assessor to assess his properties for the 2008-2009 tax year. Because Barta did not appeal the NTC's approval of the nonreappraisal-year land factor to the Department within 30 days after the NTC adopted the factor in its 2008-2009 Land Factor Report, Barta is now precluded from contesting the validity of the NTC's approval of this factor. Accordingly, we affirm the decision of the district court.[2]

Dismissal of Barta's complaint under NRS 361.420(2)

"Statutory interpretation is a question of law that we review de novo." Consipio Holding, BV v. Carlberg, 128 Nev. ___, ___, 282 P.3d 751, 756 (2012). When a statute's language is plain and unambiguous, this court will give that language its ordinary meaning. Id. However, a statute that is susceptible to more than one reasonable interpretation is ambiguous, and we must then "look to legislative history and rules of statutory interpretation to determine its meaning." Orion Portfolio Servs. 2 v. Clark County, 126 Nev. ___, ___, 245 P.3d 527, 531 (2010). Paramount to our interpretation of any statute is legislative intent. Id.

NRS 361.420(2) provides, in pertinent part, that,

> [t]he property owner, having protested the payment of taxes . . . and having been denied relief

---

[2]Although the district court's determination was based on its conclusion that the NTC and the Department were not properly joined as parties, "we will affirm the district court if it reaches the right result, even when it does so for the wrong reason." LVCVA v. Secretary of State, 124 Nev. 669, 689 n.58, 191 P.3d 1138, 1151 n.58 (2008).

by the State Board of Equalization, may commence a suit in any court of competent jurisdiction in the State of Nevada against the State and county in which the taxes were paid, and . . . may complain upon any of the grounds contained in subsection 4.

(Emphases added.) Barta argues that a taxpayer appealing an adverse decision of the State Board is not limited to a petition for judicial review because NRS 361.420(2) allows taxpayers to "complain," and thus, a taxpayer may file both a petition for judicial review and a complaint. However, the County argues that "complain" refers to a petition for judicial review because a taxpayer can only "complain" after an adverse decision has been made by the State Board. Because this language is susceptible to more than one reasonable interpretation, we determine that NRS 361.420(2) is ambiguous. Thus, we look to the legislative history for guidance. See Orion Portfolio, 126 Nev. at ___, 245 P.3d at 531-32.

In 1977, the Legislature amended NRS 361.420(2) to add the phrase "and having been denied relief by the [S]tate [B]oard of [E]qualization." 1977 Nev. Stat., ch. 509, § 6, at 1051. Noting the ambiguity in the statute, a legislator stated that the added language was intended to clarify "that the review remedy . . . would be to have an [Administrative Procedure Act] type of appeal before the district court." Hearing on A.B. 532 Before the Senate Comm. on Taxation, 59th Leg. (Nev., April 30, 1977). The legislative history thus indicates that the Legislature intended for taxpayers seeking relief under NRS 361.420(2) to proceed in accordance with the methods prescribed in NRS Chapter 233B, Nevada's Administrative Procedure Act.

Under NRS Chapter 233B, a party aggrieved by a final decision from an administrative agency may file a petition for judicial

review in the district court. NRS 233B.130(1), (2). Importantly, the Act states that a petition for judicial review is "the exclusive means of judicial review of, or judicial action concerning, a final decision in a contested case involving an agency to which this chapter applies." NRS 233B.130(6). The State Board of Equalization is not exempt from NRS Chapter 233B. See NRS 233B.039(1)-(2) (listing those agencies exempted from the requirements of NRS Chapter 233B). Therefore, construing the statute consistent with what the Legislature intended, we conclude that NRS 361.420(2) only permits a taxpayer to "complain" in the form of a petition for judicial review brought pursuant to NRS 233B.130(1). See also NRS 361.410 (governing judicial review of administrative property tax decisions).

Similarly, this court recently construed NRS 372.680(1), which permits a taxpayer to "bring an action against the [Nevada Department of Taxation] . . . in a court of competent jurisdiction," to determine whether a taxpayer aggrieved by the Nevada Tax Commission's denial of a tax refund could challenge that decision by filing a complaint in district court. Southern California Edison v. Dist. Ct., 127 Nev. ___, ___, 255 P.3d 231, 232 (2011). We determined that, although the statute "establishes a right of action against the Department," it "does not define the nature of the action." Id. at ___, 255 P.3d at 234, 235. An exhaustive review of the legislative history behind the statute revealed that the Legislature intended that all appeals from a final decision of the Tax Commission must be in the form of a petition for judicial review. Id. at ___, 255 P.3d at 236-37. Thus, this court held, NRS 372.680 "contemplates judicial review, in accordance with NRS Chapter 233B, and a petition for judicial review

SUPREME COURT
OF
NEVADA

(O) 1947A

under those statutes is the sole remedy after a final decision by the Commission." Id. at ___, 255 P.3d at 237.

Construing the statutes as a whole and in harmony with each other, we conclude that the only method for an aggrieved taxpayer to challenge a final decision of the State Board is through a petition for judicial review under NRS 233B.130(1). Because Barta filed a joint complaint and petition for judicial review, we affirm that portion of the district court's order dismissing Barta's complaint.

Dismissal of the NTC and the Department as parties to the petition for judicial review

Barta argues that the NTC and the Department should be joined in his petition for judicial review to contest the NTC's approval of the land factor used to assess his properties for the 2008-2009 tax year. The county assessor determines the assessed values for properties in a nonreappraisal year in part by "[a]pplying to the assessed value for the preceding year . . . a factor for land developed by the county assessor and approved by the [NTC]." NRS 361.260(5)(b). The land factor as developed by the county assessor for the 2008-2009 tax year was approved and adopted by the NTC in a written decision on December 3, 2007. Thus, Barta contends that the district court erred in dismissing the NTC and the Department from his petition for judicial review because this is a "proper case" in which to join them.

NRS 361.420(2) allows an aggrieved property owner to join the NTC and the Department as defendants "in a proper case." The NTC and the Department may be joined as parties when a taxpayer complains on one of the specific grounds listed in NRS 361.420(4). NRS 361.420(4)(g) includes as a "proper case" claims in which a property assessment is discriminatory and conducted in a manner which is "not in accordance

with a uniform and equal rate and assessment and taxation." Although Barta claims that this is "a proper case" in which to join the NTC and the Department, it is not necessary to our disposition to address his argument because Barta's time to challenge the methods used to develop the land factor expired.

The NTC's approval of the land factor must be contested in a petition for judicial review pursuant to NRS 233B.130. NRS 360.145(b) expressly provides that "[a] <u>decision</u> of the NTC is a <u>final decision</u> for purposes of judicial review." (Emphases added). Thus, the NTC's approval of the land factor in its December 3, 2007 "Notice of Decision" is properly appealed pursuant to NRS 233B.130(1), which permits a party to seek judicial review of "a final decision" of an administrative agency. Petitions for judicial review must be brought within 30 days of the agency's final decision. NRS 233B.130(2)(c). Therefore, the appropriate time in which to challenge the NTC's approval of a land factor is within 30 days after the NTC's adoption of the factor. Requiring review within this time period promotes equal taxation. A successful challenge to a factor shortly after its approval and adoption will prevent the county assessor and the county's taxpayers from relying on that factor in appraising the property within the county in a nonreappraisal year.

Because Barta did not bring a petition for judicial review within 30 days of the NTC's approval of the land factor, the decision of the NTC to adopt the factor from the 2008-2009 Land Factor Report is binding administrative authority on all parties to this proceeding. <u>Washoe County v. Otto</u>, 128 Nev. ___, ___, 282 P.3d 719, 724 (2012). Accordingly, joinder of the NTC and the Department is not necessary under NRS 361.420(4)(g) and reversal is not warranted because Barta is now precluded from raising

 

any objection as to the factor itself or the methods used to develop it for the 2008-2009 tax year.[3]

      Accordingly, we ORDER the judgment of the district court AFFIRMED.

                                _____, J.
                                Hardesty

                                _____, J.
                                Parraguirre

                                _____, J.
                                Douglas

cc:    Leslie P. Barta
       Attorney General/Carson City
       Washoe County District Attorney/Civil Division
       Carson City Clerk

---

[3]Because the land factor is a binding administrative decision, we conclude that Barta's argument that the district court violated Barta's due process by refusing to hear his arguments regarding the Land Factor Report is without merit. We further reject Barta's argument that he is entitled to seek equalization for all similarly situated taxpayers, because these taxpayers were not parties to the proceedings before the County and State Boards. See NRS 233B.130(5)(b) (a district court may dismiss any party from a petition for judicial review who was not a party to the earlier administrative proceeding); see also NRS 233B.035 (a "[p]arty" in an administrative proceeding is any "person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in any contested case").