130 Nev., Advance Opinion 72

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEJA VU SHOWGIRLS OF LAS
VEGAS, LLC, A NEVADA LIMITED
LIABILITY COMPANY, D/B/A DEJA VU
SHOWGIRLS; LITTLE DARLINGS OF
LAS VEGAS, D/B/A LITTLE
DARLINGS; K-KEL, INC., D/B/A
SPEARMINT RHINO GENTLEMEN'S
CLUB; OLYMPUS GARDEN, INC.,
D/B/A OLYMPUS GARDEN; SHAC,
LLC, D/B/A SAPPHIRE; THE POWER
COMPANY, INC., D/B/A CRAZY HORSE
TOO GENTLEMEN'S CLUB; AND D.
WESTWOOD, INC., D/B/A
TREASURES,
Appellants,
vs.
NEVADA DEPARTMENT OF
TAXATION; NEVADA TAX
COMMISSION; AND THE STATE OF
NEVADA BOARD OF EXAMINERS,
Respondents.

No. 59752

FILED

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a tax action for failure to properly follow administrative procedures by filing a petition for judicial review in the district court. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

*Affirmed.*

Greenberg Traurig, LLP, and Mark E. Ferrario and Brandon E. Roos, Las Vegas,
for Appellant SHAC, LLC.

14-30948

Lambrose Brown and William H. Brown, Las Vegas; Shafer and Associates and Bradley J. Shafer, Lansing, Michigan,
for Appellants Deja Vu Showgirls of Las Vegas, LLC; Little Darlings of Las Vegas; K-Kel, Inc.; Olympus Garden, Inc.; The Power Company, Inc.; and D. Westwood, Inc.

Catherine Cortez Masto, Attorney General, David J. Pope and Blake A. Doerr, Senior Deputy Attorneys General, and Vivienne Rakowsky, Deputy Attorney General, Carson City,
for Respondents.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, DOUGLAS, J.:

In this opinion, we address whether the district court erred by concluding that, after exhausting their administrative remedies for seeking a refund under Nevada's Live Entertainment Tax (NLET), appellants were limited to a petition for judicial review, rather than a de novo action. We also consider whether the district court committed error by refusing to invoke judicial estoppel in lieu of granting respondents' motion to dismiss the underlying de novo action for lack of subject matter jurisdiction. We conclude that the district court properly limited appellants to a petition for judicial review and was correct in refusing to invoke judicial estoppel. Accordingly, we affirm the district court's decision.

## BACKGROUND

This appeal involves the same parties as the appeal in *Deja Vu Showgirls v. State, Department of Taxation*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 73, September 18, 2014) (hereinafter *Deja Vu II*). However, unlike *Deja Vu II*, which primarily addresses whether NLET violates the First Amendment to the United States Constitution, this appeal focuses on the procedural processes available to a claimant challenging an unfavorable decision regarding his or her tax refund request.

On April 18, 2006, appellants filed suit in the United States District Court for the District of Nevada seeking a declaration that NLET is facially unconstitutional, an injunction against its enforcement, and a refund for all taxes paid under the statute. The federal court dismissed that suit because appellants failed to show that Nevada's court and administrative systems deprived them of a plain, speedy, and efficient remedy.[1]

On December 19, 2006, following the dismissal of their federal case, appellants filed a de novo action (Case 1) in the Eighth Judicial District Court seeking similar remedies to those sought in federal court, including declaratory and injunctive relief, damages, attorney fees, and costs. Appellants later amended their Case 1 complaint to include an as-applied constitutional challenge to NLET. While Case 1 was pending in district court, appellants K-Kel, Olympus Garden, SHAC, The Power

---

[1]The United States Court of Appeals for the Ninth Circuit later affirmed that dismissal.

Company, and D. Westwood filed individual tax refund requests with the Nevada Department of Taxation (the Department), arguing that NLET is facially unconstitutional for violating the First Amendment. The Department denied those refund requests on April 3, 2007, and the Nevada Tax Commission (the Commission) affirmed the Department's decision by written order on October 12, 2007.

On January 9, 2008, appellants filed a second de novo action in the Eighth Judicial District Court challenging the administrative denials of their refund requests. In this new action (Case 2), appellants sought declaratory and injunctive relief, the refund of taxes paid, and damages based on NLET's alleged facial unconstitutionality. Appellants later amended their Case 2 complaint to include an as-applied constitutional challenge to NLET—that issue having never been raised during their administrative proceedings. Because of their similarities, the district court consolidated the declaratory relief claims in Cases 1 and 2, and coordinated the remaining issues in those cases.

Thereafter, on respondents' motion for partial summary judgment, the district court limited Case 1 to appellants' facial constitutional challenge to NLET and permanent injunction request, and dismissed appellants' remaining Case 1 claims, including their as-applied challenge. In that same order, the district court dismissed the entirety of Case 2 for lack of subject matter jurisdiction because appellants failed to follow proper procedure when they filed a de novo action in the district court after the completion of their administrative proceedings, rather than

filing a petition for judicial review as required by NRS 233B.130. This appeal challenging the district court's dismissal of Case 2 followed.[2]

## DISCUSSION

*Nevada law required appellants to file a petition for judicial review*

On appeal, appellants argue that the district court erred by dismissing their case for failure to file a petition for judicial review in line with the Nevada Administrative Procedure Act (APA) found in NRS Chapter 233B because their de novo action was properly brought in district court per NRS 368A.290. Respondents disagree, asserting that, when read together, the APA and NRS 368A.290 required appellants to challenge the denial of their refund request through a petition for judicial review and not the de novo action initiated below.

Whether a party must file a petition for judicial review when challenging a decision by the Commission that denies a refund-of-taxes-paid request under NLET is a question of statutory construction that we review de novo, *see PERS v. Reno Newspapers, Inc.*, 129 Nev. ___, ___, 313 P.3d 221, 223 (2013), and requires us to consider how the APA and NRS 368A.290 relate.

---

[2]Following their Case 2 appeal, the district court resolved all of appellants' remaining Case 1 claims, and appellants subsequently appealed from that determination. Appellants' challenge to the resolution of their Case 1 claims is addressed in the companion case. *Deja Vu II*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 73, September 18, 2014).

In enacting the APA, the Legislature stated that the chapter's purpose is "to establish minimum procedural requirements for the regulation-making and adjudication procedure of all agencies . . . and for judicial review of both functions, except those agencies expressly exempted pursuant to the provisions of this chapter." NRS 233B.020(1). Neither the Department nor the Commission is exempted from the APA's purview. NRS 233B.039. In line with its purpose, the APA provides that a party aggrieved by a final agency decision in a contested case who is identified as a party of record by an agency in an administrative proceeding is entitled to review of that decision by filing a *petition for judicial review* in the appropriate court. *See* NRS 233B.130(1)-(2). Moreover, the APA states that its provisions "are the exclusive means of judicial review of, or judicial action concerning, a final decision in a contested case involving an agency to which [NRS Chapter 233B] applies." NRS 233B.130(6).

It is undisputed that appellants are parties of record aggrieved by a final agency decision in a contested case, and that "[a] decision of the Nevada Tax Commission is a final decision for the purposes of judicial review." NRS 360.245(5). Furthermore, we have construed NRS 360.245(5) and NRS 233B.130(6) as meaning "that all final decisions by the Commission be subject to the provisions of NRS Chapter 233B." *S. Cal. Edison v. First Judicial Dist. Court*, 127 Nev. ___, ___, 255 P.3d 231, 235-36 (2011) (holding that a petition for judicial review is the sole remedy after a final decision by the Commission). Accordingly, absent explicit legislative direction to the contrary, the APA's procedures, including the requirement to file a petition for judicial review, apply to all final Commission decisions, including those addressing refund requests under NLET. *See id.*; NRS 233B.020; NRS 233B.130(6).

(O) 1947A

Recognizing that a party aggrieved by a final Commission decision is limited to a petition for judicial review, we now consider whether the Legislature provided an exception to that rule in NLET's relevant provision. NRS 368A.290 provides:

> 1. Within 90 days after a final decision upon a claim filed pursuant to this chapter is rendered by:
>
> . . . .
>
> (b) The Nevada Tax Commission, the claimant may bring an action against the [Nevada Tax] Department on the grounds set forth in the claim.
>
> 2. An action brought pursuant to subsection 1 must be brought in a court of competent jurisdiction in Carson City, the county of this State where the claimant resides or maintains his or her principal place of business or a county in which any relevant proceedings were conducted by the Board or the Department, for the recovery of the whole or any part of the amount with respect to which the claim has been disallowed.
>
> . . . .

A review of NRS 368A.290 makes clear that nothing in that statute provides an exception to the express statutory requirement identified in *Edison* that a tax claimant can seek review of a final Commission decision only by filing a petition for judicial review under NRS 233B.130. *Edison*, 127 Nev. at ___, 255 P.3d at 237. And contrary to appellants' position, nothing in NRS 368A.290 indicates that the Legislature intended to allow taxpayers seeking refunds under NLET to file a de novo action, rather than a petition for judicial review.

Accordingly, the sole remedy for a taxpayer aggrieved by a final decision from the Commission concerning a tax refund request under

NRS Chapter 368A is to file a petition for judicial review pursuant to NRS 233B.130. Based on this determination, we conclude that the district court did not err by determining that it lacked subject matter jurisdiction to consider the de novo challenge below because NRS 368A.290 required appellants to file a petition for judicial review.[3] *See Edison*, 127 Nev. at ___, 255 P.3d at 233, 237; *see also Kame v. Emp't Sec. Dep't*, 105 Nev. 22, 25, 769 P.2d 66, 68 (1989) (stating that noncompliance with statutory requirements for judicial review of an administrative decision divests a court of jurisdiction and is grounds for dismissal).[4] Having made this determination, we now consider whether judicial estoppel barred the district court from dismissing appellants' action despite their failure to file a petition for judicial review.

---

[3]Appellants' contention that *Edison* cannot be applied to their de novo action because the underlying case was active at the time this court decided *Edison* lacks merit. *See Leavitt v. Siems*, 130 Nev. ___, ___, 330 P.3d 1, 5 (2014) (rejecting an argument that a decision issued after the close of trial could not be applied to a party's case because "retroactivity is the default rule in civil cases").

[4]With regard to appellants Deja Vu and Little Darlings, the record demonstrates that these parties failed to exhaust their administrative remedies before filing the underlying de novo action. Thus, the district court lacked subject matter jurisdiction over their claims and we necessarily affirm the dismissal of these parties, albeit for reasons other than those relied on by the district court. *See Malecon Tobacco, L.L.C. v. State ex. rel. Dep't of Taxation*, 118 Nev. 837, 839, 59 P.3d 474, 475-76 (2002); *see also Bongiovi v. Sullivan*, 122 Nev. 556, 575 n.44, 138 P.3d 433, 447 n.44 (2006). Accordingly, we need not address arguments presented by Deja Vu and Little Darlings.

*The district court correctly declined to apply judicial estoppel*

Judicial estoppel is an equitable doctrine used to protect the judiciary's integrity and is invoked by a court at its discretion. *See NOLM, L.L.C. v. Cnty. of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004). Whether judicial estoppel applies is a question of law that we review de novo. *Id.*

We have explained that judicial estoppel "should be applied only when a party's inconsistent position [arises] from intentional wrongdoing or an attempt to obtain an unfair advantage." *Id.* (alteration in original) (internal quotation omitted); *see also Edison*, 127 Nev. at ___, 255 P.3d at 237. Notably, judicial estoppel "does not preclude a change in position that is not intended to sabotage the judicial process." *Edison*, 127 Nev. at ___, 255 P.3d at 237; *NOLM, L.L.C.*, 120 Nev. at 743, 100 P.3d at 663. Moreover, we have stated that

> [j]udicial estoppel may apply when (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position . . . ; (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.

*Edison*, 127 Nev. at ___, 255 P.3d at 237 (second alteration in original) (internal quotation omitted).

In *Edison*, despite concluding that a petition for judicial review constituted the taxpayer's sole remedy for challenging the denial of its refund request, we ordered the district court to permit a de novo action because judicial estoppel barred the Department from changing its

SUPREME COURT
OF
NEVADA

(O) 1947A

position with respect to the taxpayer. *Id.* at ___, 255 P.3d at 237-38. In that case, we recognized that the Department, both in the present and past, took inconsistent positions in quasi-judicial proceedings regarding the means of review available to a taxpayer wanting to challenge a refund denial. *Id.* at ___, 255 P.3d at 237. Notably, in *Edison*, the Department stated in its brief to the Commission that the taxpayer could file a de novo action against the Department under NRS 372.680. *Id.* Additionally, an administrative law judge from the Department told the parties' counsel that "[i]n the event that this matter is appealed to district court, it will be reviewed de novo and additional discovery will likely be allowed at that time." *Id.* (alteration in original) (internal quotation omitted). Yet, in the proceedings before this court, the Department reversed its position and asserted that de novo review was unavailable to challenge the Commission's denial of a refund request. *Id.* at ___, 255 P.3d at 234. Based on those facts, we concluded that judicial estoppel applied because "it would be highly inequitable to . . . allow the Department to change its position," and therefore, ordered the court to grant the taxpayer a trial de novo in district court. *Id.* at ___, 255 P.3d at 237-38.

Here, appellants contend that, under *Edison*, the district court was required to apply judicial estoppel and preclude dismissal for failure to file a petition for judicial review because respondents engaged in inconsistent actions both generally as a department and specifically in this case. In reply, respondents assert that appellants' case is distinguishable from *Edison* on this issue because respondents never intentionally misled

appellants into believing that their remedy was a trial de novo. We agree with respondents' position.

Unlike the taxpayer in *Edison*, appellants have failed to show that respondents made any statement during a judicial or quasi-judicial proceeding promising or providing for a reasonable probability that de novo review would be available to appellants. Instead, the record shows that as early as their federal district court case in 2006, respondents identified that a petition for judicial review was the appropriate remedy, citing to the APA. Appellants correctly note that respondents did not directly reference the APA in their answering brief to the Ninth Circuit, but said that a taxpayer may bring an action in court within 90 days of a refund denial by the Commission. While there is arguably some ambiguity as to the nature of the action that could be brought in court, *i.e.*, whether it is a trial de novo or a petition for judicial review, respondents' representations do not amount to a misleading statement similar to those made in *Edison*. Moreover, any confusion caused by that ambiguity in these circumstances cannot be characterized as "intentional wrongdoing or an attempt to obtain an unfair advantage." *NOLM, L.L.C.*, 120 Nev. at 743, 100 P.3d at 663 (internal quotation omitted). Accordingly, we conclude that the district court committed no error by refusing to invoke judicial estoppel.

Based on the foregoing analysis, we affirm the district court's decision to dismiss this case for lack of subject matter jurisdiction.[5]

_____, J.
Douglas

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Saitta

---

[5]Appellants also challenge the district court's dismissal of their as-applied challenge to NLET in Case 2. Although the district court did not explain why appellants' as-applied challenge was dismissed, the dismissal was nonetheless proper because the district court lacked subject matter jurisdiction over that challenge as appellants failed to raise this issue during their administrative proceedings. *See Deja Vu II*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 73, September 18, 2014). We have considered all of appellants' other arguments and conclude that they lack merit.