# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALBERT THOMAS, INDIVIDUALLY; JANE DUNLAP, INDIVIDUALLY; JOHN DUNLAP, INDIVIDUALLY; BARRY HAY, INDIVIDUALLY; MARIE-ANNE ALEXANDER, AS TRUSTEE OF THE MARIE-ANNE ALEXANDER LIVING TRUST; MELISSA VAGUJHELYI; GEORGE VAGUJHELYI, AS TRUSTEES OF THE GEORGE VAGUJHELYI AND MELISSA VAGUJHELYI 2001 FAMILY TRUST AGREEMENT U/T/A APRIL 13, 2001; D'ARCY NUNN, INDIVIDUALLY; HENRY NUNN, INDIVIDUALLY; MADELYN VAN DER BOKKE, INDIVIDUALLY; LEE VAN DER BOKKE, INDIVIDUALLY; ROBERT R. PEDERSON, INDIVIDUALLY AND AS TRUSTEE OF THE PEDERSON 1990 TRUST; LOU ANN PEDERSON, INDIVIDUALLY AND AS TRUSTEE OF THE PEDERSON 1990 TRUST; LORI ORDOVER, INDIVIDUALLY; WILLIAM A. HENDERSON, INDIVIDUALLY; CHRISTINE E. HENDERSON, INDIVIDUALLY; LOREN D. PARKER, INDIVIDUALLY; SUZANNE C. PARKER, INDIVIDUALLY; MICHAEL IZADY, INDIVIDUALLY; STEVEN TAKAKI, AS TRUSTEE OF THE STEVEN W. TAKAKI & FRANCES S. LEE REVOCABLE TRUSTEE AGREEMENT, UTD JANUARY 11, 2000; FARAD TORABKHAN, INDIVIDUALLY; SAHAR TAVAKOL, INDIVIDUALLY; M&Y HOLDINGS, LLC; JL&YL HOLDINGS, LLC; SANDI RAINES, INDIVIDUALLY; R.

No. 70498

FILED

FEB 26 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

18-07363

RAGHURAM, AS TRUSTEE OF THE RAJ AND USHA RAGHURAM LIVING TRUST DATED APRIL 25, 2001; USHA RAGHURAM, AS TRUSTEE OF THE RAJ AND USHA RAGHURAM LIVING TRUST DATED APRIL 25, 2001; LORI K. TOKUTOMI, INDIVIDUALLY; GARRET TOM, AS TRUSTEE OF THE GARRET AND ANITA TOM TRUST, DATED 5/14/2006; ANITA TOM, AS TRUSTEE OF THE GARRET AND ANITA TOM TRUST, DATED 5/14/2006; RAMON FADRILAN, INDIVIDUALLY; FAYE FADRILAN, INDIVIDUALLY; PETER K. LEE; MONICA L. LEE, AS TRUSTEES OF THE LEE FAMILY 2002 REVOCABLE TRUST; DOMINIC YIN, INDIVIDUALLY; ELIAS SHAMIEH, INDIVIDUALLY; JEFFREY QUINN, INDIVIDUALLY; BARBARA ROSE QUINN, INDIVIDUALLY; KENNETH RICHE, INDIVIDUALLY; MAXINE RICHE, INDIVIDUALLY; NORMAN CHANDLER, INDIVIDUALLY; BENTON WAN, INDIVIDUALLY; TIMOTHY D. KAPLAN, INDIVIDUALLY; SILKSCAPE INC.; PETER CHENG, INDIVIDUALLY; ELISA CHENG, INDIVIDUALLY; GREG A. CAMERON, INDIVIDUALLY; TMI PROPERTY GROUP, LLC; RICHARD LUTZ, INDIVIDUALLY; SANDRA LUTZ, INDIVIDUALLY; MARY A. KOSSICK, INDIVIDUALLY; MELVIN H. CHEAH, INDIVIDUALLY; DI SHEN, INDIVIDUALLY; NADINE'S REAL ESTATE INVESTMENTS, LLC; AJIT GUPTA, INDIVIDUALLY; SEEMA GUPTA, INDIVIDUALLY; FREDRICK FISH, INDIVIDUALLY; LISA FISH, INDIVIDUALLY; ROBERT A.

SUPREME COURT
OF
NEVADA

(0) 1947A

2

WILLIAMS, INDIVIDUALLY; JACQUELIN PHAM, AS MANAGER OF CONDOTEL 1906, LLC; MAY ANNE HOM, AS TRUSTEE OF THE MAY ANNE HOM TRUST; MICHAEL HURLEY, INDIVIDUALLY; DUANE WINDHORST, TRUSTEE OF DUANE WINDHORST TRUST U/A DTD. 01/15/2003 AND MARILYN WINDHORST TRUST U/A DTD. 01/015/2003; MARILYN WINDHORST, AS TRUSTEE OF DUANE WINDHORST TRUST U/A DTD. 01/15/2003 AND MARILYN L. WINDHORST TRUST U/A DTD.01/15/2003; VINOD BHAN, INDIVIDUALLY; ANNE BHAN, INDIVIDUALLY; GUY P. BROWNE, INDIVIDUALLY; GARTH A. WILLIAMS, INDIVIDUALLY; PAMELA Y. ARATANI, INDIVIDUALLY; DARLEEN LINDGREN, INDIVIDUALLY; LAVERNE ROBERTS, INDIVIDUALLY; DOUG MECHAM, INDIVIDUALLY; CHRISINE MECHAM, INDIVIDUALLY; KWANG SOON SON, INDIVIDUALLY; SOO YEU MOON, INDIVIDUALLY; JOHNSON AKINDODUNSE, INDIVIDUALLY; IRENE WEISS, AS TRUSTEE OF THE WEISS FAMILY TRUST; PRAVESH CHOPRA, INDIVIDUALLY; TERRY POPE, INDIVIDUALLY; NANCY POPE, INDIVIDUALLY; JAMES TAYLOR, INDIVIDUALLY; RYAN TAYLOR, INDIVIDUALLY; KI NAM CHOI, INDIVIDUALLY; YOUNG JA CHOI, INDIVIDUALLY; SANG DAE SOHN, INDIVIDUALLY; KUK HYUN (CONNIE) YOO, INDIVIDUALLY; SANG SOON (MIKE) YOO,

SUPREME COURT
OF
NEVADA

(O) 1947A

3

INDIVIDUALLY; BRETT MENMUIR, AS MANAGER OF CARRERA PROPERTIES, LLC; WILLIAM MINER, JR., INDIVIDUALLY; CHANH TRUONG, INDIVIDUALLY; ELIZABETH ANDERS MECUA, INDIVIDUALLY; SHEPHERD MOUNTAIN, LLC; ROBERT BRUNNER, INDIVIDUALLY; AMY BRUNNER, INDIVIDUALLY; JEFF RIOPELLE, AS TRUSTEE OF THE RIOPELLE FAMILY TRUST; PATRICIA M. MOLL, INDIVIDUALLY; AND DANIEL MOLL, INDIVIDUALLY,
Appellants,
vs.
MEI-GSR HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY; GRAND SIERRA RESORT UNIT OWNERS' ASSOCIATION, A NEVADA NON-PROFIT CORPORATION; GAGE VILLAGE COMMERICAL DEVELOPMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND AM-GSR HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondents.

### ORDER REVERSING AND REMANDING

This is an appeal from a district court order granting a motion to dismiss for lack of subject matter jurisdiction. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellants are individuals or entities who purchased hotel-condominium units in the Grand Sierra Resort (GSR) as revenue generating investments. The units are part of the Grand Sierra Unit Owners' Association, which is a hotel condominium development governed by a declaration of covenants, conditions and restrictions (CC&Rs). Respondent

SUPREME COURT
OF
NEVADA

(O) 1947A

MEI-GSR Holdings, LLC (MEI-GSR) is the owner and operator of the GSR.[1] Appellants allege that MEI-GSR engaged in a series of illegal and unethical business practices in an attempt to force appellants to sell their units. As a result, in August 2012, appellants sued respondents in district court, asserting numerous causes of action premised on respondents' alleged violations of the CC&Rs. Thereafter, respondents allegedly committed a series of litigation abuses, such as refusing to respond to discovery requests and failing to obey rules of procedure and court orders. Consequently, appellants moved for case-concluding sanctions, which the district court ultimately granted in 2014. The district court struck respondents' answer and entered a default against respondents in November, 2014. In March 2015, the district court conducted a three-day "prove up" hearing, ultimately awarding appellants approximately $8,000,000.00 in compensatory damages and scheduling the matter for a hearing on punitive damages.

Approximately one week before the scheduled punitive damages hearing, respondents moved to dismiss appellants' action pursuant to NRCP 12(b)(1), arguing that the district court lacked subject matter jurisdiction over the matter because the appellants failed to mediate their claims under NRS 38.310 prior to filing suit.[2] Appellants opposed the

---

[1] Respondents Gage Village Commercial Development, LLC (Gage Village) and AM-GSR Holdings, LLC (AM-GSR) are successor declarants under the governing CC&Rs and own several of the GSR condominium units. For clarity, this order refers to MEI-GSR, Gage Village, and AM-GSR collectively as "respondents."

[2] NRS 38.310 places limitations on commencement of certain civil actions. We note that the 2011 version of NRS Chapter 38 applies to our

SUPREME COURT
OF
NEVADA

(O) 1947A

5

motion, arguing that NRS 38.310 does not impose subject matter jurisdictional limitations, and doctrines such as waiver and estoppel precluded respondents from asserting the statute. The district court granted respondents' motion and dismissed the case for lack of subject matter jurisdiction. This appeal follows.

## DISCUSSION

On appeal, appellants argue that NRS 38.310 does not implicate a district court's subject matter jurisdiction, and therefore, equitable doctrines such as estoppel can apply to preclude respondents from asserting the statute. Respondents argue that regardless of whether NRS 38.310 implicates the district court's subject matter jurisdiction, the text of NRS 38.310 demands dismissal, and thus, the district court properly dismissed appellants' action.

*Standard of Review*

Subject matter jurisdiction and statutory interpretation are questions of law subject to de novo review. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009); *Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 426-27 (2007).

*The district court erred in granting respondents' motion to dismiss for lack of subject matter jurisdiction*

The statute at issue here, NRS 38.310, "expresses Nevada's public policy favoring arbitration of disputes involving the interpretation and enforcement of CC&Rs." *Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 290, 299, 183 P.3d 895, 902 (2008). Thus, pursuant to NRS 38.310,

consideration of this matter. Accordingly, we refer herein to the 2011 statutes unless otherwise specified.

certain civil actions must be submitted to mediation or arbitration before such an action may be commenced in any court in this State. NRS 38.310(1). If a party commences such a civil action in violation of NRS 38.310(1), the district court must dismiss it pursuant to NRS 38.310(2).[3] However, nothing in the text of NRS 38.310 provides that mediation or arbitration is required before the court may obtain jurisdiction over an action for which it would otherwise have jurisdiction, nor do respondents contend on appeal that NRS 38.310 is jurisdictional in nature. We therefore conclude that

---

[3]NRS 38.310 (2011) provides:

> 1. No civil action based upon a claim relating to:
>
> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
>
> (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,
>
> may be commenced in any court in this State unless the action has been submitted to mediation or arbitration pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns . . . real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.
>
> 2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

NRS 38.310 does not implicate a district court's subject matter jurisdiction and the district court erred in granting respondents' motion to dismiss for lack of subject matter jurisdiction.

*Respondents are judicially estopped from asserting that NRS 38.310 mandates dismissal in this case*

Appellants argue that because NRS 38.310 does not involve subject matter jurisdiction, equitable doctrines such as judicial estoppel can apply to preclude respondents from obtaining dismissal based on appellants' alleged failure to comply with NRS 38.310. In particular, appellants contend that respondents should be estopped from raising NRS 38.310 because (1) respondents initiated lawsuits against several appellants in justice court without submitting their claims to mediation or arbitration, (2) respondents stipulated that all claims between the parties could be resolved in the district court action, (3) respondents' counsel expressly acknowledged that "[t]he [district] [c]ourt retains jurisdiction," and (4) respondents were repeatedly sanctioned for their misconduct throughout this litigation. Respondents argue that even if NRS 38.310 does involve subject matter jurisdiction, it is nonetheless mandatory. However, respondents do not address appellants' contention that judicial estoppel applies to preclude respondents from obtaining dismissal under NRS 38.310.

"Judicial estoppel applies to protect the judiciary's integrity and prevents a party from taking inconsistent positions by intentional wrongdoing or an attempt to obtain an unfair advantage." *Southern California Edison v. First Judicial Dist. Court*, 127 Nev. 276, 285, 255 P.3d 231, 237 (2011) (internal quotation marks omitted). "This court may invoke the doctrine at its discretion." *Id.* Judicial estoppel applies when

(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.

*Marcuse v. Del Webb Communities, Inc.*, 123 Nev. 278, 287, 163 P.3d 462, 468-69 (2007) (internal quotation marks omitted).

Here, respondents initiated litigation between the parties by suing individual unit owners in justice court. While these justice court actions were pending, appellants filed their district court lawsuit. Rather than moving to dismiss appellants' district court action on the ground that appellants had not submitted their claims to mediation or arbitration pursuant to NRS 38.310(1), respondents instead stipulated that the justice court lawsuits would be dismissed and "that all claims between the parties can be resolved in the [d]istrict [c]ourt [a]ction." The justice court judge accepted the parties' stipulation and dismissed the justice court actions. Respondents then proceeded to litigate the case for almost four years without ever suggesting that NRS 38.310 applied to appellants' claims. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (explaining that "acceptance" may be established if the court took action in reliance on the previous inconsistent position). For instance, respondents (1) asserted numerous affirmative defenses; (2) alleged counterclaims for breach of contract, declaratory relief, and injunctive relief; and (3) participated in multiple hearings, including hearings on case concluding sanctions and compensatory damages, but never alleged that appellants were statutorily required to submit the matter to arbitration or meditation under NRS 38.310 before bringing suit. In fact, respondents did not change

their position regarding the application of NRS 38.310 until after the district court had (1) granted case-concluding sanctions against respondents, (2) entered a judgment in favor of appellants, (3) awarded appellants approximately $8 million in compensatory damages, and (4) set the matter for a hearing on punitive damages. Given the timing and degree of inconsistency between the positions, it is evident that respondents' assertion of NRS 38.310 was not merely a result of ignorance, fraud, or mistake. Applying the five-factor test described above, we conclude that respondents are judicially estopped from obtaining dismissal under NRS 38.310(2) based on appellants' alleged failure to comply with NRS 38.310. *Southern California Edison*, 127 Nev. at 285, 255 P.3d at 237.

Accordingly, we REVERSE the district court's order granting respondents' motion to dismiss for lack of subject matter jurisdiction AND REMAND to the district court for further proceedings consistent with this order.[4]



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[4]Appellants' briefing raised additional arguments challenging the district court's dismissal order; however, we decline to address them. Our holding is that NRS 38.310 is not a jurisdictional statute; it is a prerequisite to filing certain claims that is subject to the doctrine of judicial estoppel. Because we reverse the district court's order on this basis, we need not address the remaining arguments. *See Manuela H. v. Eighth Judicial Dist. Ct.*, 132 Nev. Adv., Op. 1, 365 P.3d 497, 502 n.4 (2016).

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Elliott A. Sattler, District Judge
Lansford W. Levitt, Settlement Judge
Robertson, Johnson, Miller & Williamson
Lemons, Grundy & Eisenberg
Lewis Roca Rothgerber Christie LLP/Las Vegas
Kern & Associates, Ltd.
Cohen Johnson Parker Edwards
Washoe District Court Clerk